DA 06-0283

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 34

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

FRANK LEROY ROBINSON,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 05-14
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Mathew M. Stevenson, Attorney at Law, Missoula, Montana

      For Appellee:

      Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney
General, Helena, Montana

      George H. Corn, Ravalli County Attorney; T. Geoffrey Mahar, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs: March 7, 2007

Decided: February 5, 2008

Filed:

_____
                      Clerk

Justice John Warner delivered the Opinion of the Court.

¶1    Frank Robinson appeals his conviction in the Twenty-First Judicial District Court, Ravalli County, of two counts of felony assault, failure to register as a sexual offender, and resisting arrest.

¶2    We restate and address the issues on appeal as follows:  Issue 1:  Did the District Court abuse its discretion when it denied Robinson's challenge for cause to a prospective juror?  Issue 2:  Did the District Court impose an illegal sentence on Robinson when it imposed sentences both for his offenses and because he is a persistent felony offender?

¶3    The State charged Robinson with three felony counts of assault on a peace officer, in violation of § 45-5-210, MCA, one felony count of failure to register as a sexual offender, in violation of § 46-23-504, MCA, and one misdemeanor count of resisting arrest, in violation of § 45-7-301, MCA.  The charges arose from an altercation that occurred when Ravalli County Sheriff's Deputies served Robinson with a California arrest warrant.  The State timely filed notice of its intent to seek to have Robinson sentenced as a persistent felony offender.

¶4    Trial commenced on July 18, 2005.  After the prosecutor had completed his voir dire, during which he explained to the venire panel that Robinson was presumed innocent until proven guilty, defense counsel asked the entire panel whether "they kind of think he's probably guilty since he's sitting here?"  The following colloquy ensued:

> DEFENSE COUNSEL:  Does anyone differ from that attitude; that they kind of think he's probably guilty since he's sitting here?  Anybody?  Anybody want to be brave enough to weigh in on that?
>
> PROSEPECTIVE JUROR:  I would assume.
>
> DEFENSE COUNSEL:  I'm sorry?

2

PROSPECTIVE JUROR: Well, it would look that way.

DEFENSE COUNSEL: It appears to you he's probably guilty because he's sitting there.

PROSPECTIVE JUROR: Yeah.

DEFENSE COUNSEL: Are you in agreement with the concept of innocent until proven guilty?

PROSPECTIVE JUROR: Well, yes, I am.

DEFENSE COUNSEL: Are you assuming he's innocent now or are you not?

PROSEPCTIVE JUROR: Well, it would seem rather strange to assemble all these people if there was not some reason for him to be sitting there.

DEFENSE COUNSEL: So in that sense, are you sort of assuming he's guilty before you hear the evidence?

PROSPECTIVE JUROR: Yeah.

DEFENSE COUNSEL: Okay. Do you think it's going to be real hard for you to be impartial?

PROSPECTIVE JUROR: Well, no, not when I hear both sides of the story, but you know, that's what trials are about is bringing in someone that they pretty well know is guilty of something, and then having a couple lawyers battle back and forth with words for a couple, two or three days, trying to decide -- or trying to convince the jury of their point of view.

DEFENSE COUNSEL: Fair enough, and I --

PROSPECTIVE JUROR: You know, you've got two sides here, he can say his side and the law enforcement can say their side and we can decide.

DEFENSE COUNSEL: Fair enough. And I don't want to pick on you, because I respect your opinion, but do you think maybe you're not fully incorporating the idea of innocent until proven guilty in this case?

3

PROSPECTIVE JUROR:  Well, that could be.

DEFENSE COUNSEL:  Do you feel maybe in some respect you are presuming he's guilty?

PROSPECTIVE JUROR:  Yeah.

DEFENSE COUNSEL:  Do you think this maybe isn't the best trial for you then?

PROSPECTIVE JUROR:  Well, no, because I sat through another one with the same attitude, but --

DEFENSE COUNSEL:  Let's put that one aside.

PROSPECTIVE JUROR:  Okay.

DEFENSE COUNSEL:  Since you've already -- and I do appreciate your candor.  You've already told the Court that you're really not going into this case with an attitude of impartiality and you're not really going in with the idea of innocent until proven guilty, that maybe -- maybe it's not entirely fair for Mr. Robinson to have you on the jury?

PROSPECTIVE JUROR:  Well, that could be, but I kind of wonder how many other people just figure he's guilty because he's here, too.

DEFENSE COUNSEL:  Well, that may be, but you are the one who has been candid enough to say so.

PROSPECTIVE JUROR:  Right.

DEFENSE COUNSEL:  On those grounds, I'd ask for [Ms. P] to be excused.

THE COURT:  Cross?

PROSECUTOR:  I've been through this now with several individuals, and I know that part of the difficulty, I think.  You've got some suspicions because of what you heard so far.  There's no getting around the charges here, failure to register as a sexual offender and that sort of thing.

PROSPECTIVE JUROR:  No, that's not really what's -- well, the assault thing, I mean, obviously, if somebody was beat up on, they're going to

4

be upset about it and they're going to bring suit.

PROSECUTOR: I can fairly tell you that there's no other suits that are --

PROSPECTIVE JUROR: Involved. Yeah, I realize that now.

PROSECUTOR: The [sic] there's nothing hidden here. The only trial right now or lawsuit is the one that you're presently involved in.

PROSPECTIVE JUROR: I understand that.

PROSECUTOR: The reason I'm concerned, [Ms. P], because of the difficulty of the charges, as I mentioned to [Ms. J] before she was excused --

PROSPECTIVE JUROR: No, that's not what's bothering me. It's just the fact that the assault charges, okay, somebody was hurt and upset about it so they got him here on trial, because they were hit or slugged or threatened or something.

PROSECUTOR: The real questions that I think that you're going to have to decide in this trial if you're on the jury, [Ms. P], is whether or not police officers were assaulted by Mr. Robinson. He's going to defend that, Mr. Stevenson is going to defend that vigorously.

PROSPECTIVE JUROR: Right, I realize that.

PROSECUTOR: All we're asking is, despite your suspicions, if you please, do you think that you are willing to listen to all of the evidence, both sides --

PROSPECTIVE JUROR: Yes, I can do that.

PROSECUTOR: -- before you confirm your suspicion that Mr. Robinson may be guilty.

PROSPECTIVE JUROR: I can do that.

PROSECUTOR: You understand that he's not guilty just because he's sitting there.

PROSPECTIVE JUROR: No, but I'm not sitting there.

5

\* \* \* \*

THE COURT:  Now, [Ms. P], in your mind, do you understand the difference between probable cause and beyond a reasonable doubt?

PROSPECTIVE JUROR:  Yes.

THE COURT:  And so you understand that a person could be put on trial merely on a finding that there's probable cause that they may have committed an offense?

PROSPECTIVE JUROR:  Yes.

THE COURT:  And that's basically a reasonable suspicion.

PROSPECTIVE JUROR:  (Witness nods head.)

THE COURT:  And then it's up to the jury to decide if the State has proven beyond a reasonable doubt that they actually did commit the offense.

PROSPECTIVE JUROR:  Yes.

THE COURT:  And you acknowledge that there are people put on trial who are found not guilty by juries?

PROSPECTIVE JUROR:  Oh, yes.

THE COURT:  And there are people that are either accused falsely or accused of something in excess of what they actually did.

PROSPECTIVE JUROR:  Yes, unfortunately.

THE COURT:  So you're not presuming that he is guilty?

PROSPECTIVE JUROR:  No, but there's reasonable cause.

THE COURT:  Well, probable cause.

PROSPECTIVE JUROR:  Probable cause.

THE COURT:  But you're prepared to hold [the prosecutor] to his burden of proof to prove beyond a reasonable doubt that he committed what he's charged with?

6

PROSPECTIVE JUROR:  Yes, sir.

THE COURT:  And if [the prosecutor] fails to prove beyond a reasonable doubt that he committed one or more of these offenses, then you would be willing to return a not guilty verdict on those charges?

PROSPECTIVE JUROR:  Right.

THE COURT:  And you don't hold any personal bias against Mr. Robinson.

PROSPECTIVE JUROR:  No, I don't know the man.

THE COURT:  And you will follow the jury instructions as best you can?

PROSPECTIVE JUROR:  Yes.

¶5      Robinson subsequently used a peremptory challenge to remove the juror and also exercised all of his peremptory challenges.  The District Court dismissed one count of assault on a peace officer at the conclusion of the State's case.  The jury found Robinson guilty of the remaining charges.

¶6      The District Court held a sentencing hearing on September 21, 2005.  The District Court concluded that Robinson was a persistent felony offender.  Robinson has not challenged that designation.  The District Court sentenced Robinson to ten years in prison on Count One, assault on a peace officer, with an additional, consecutive, ten year prison term as a persistent felony offender; ten years in prison on Count Two, assault on a peace officer, with an additional, consecutive ten year prison term as a persistent felony offender.  The sentences on Counts One and Two were ordered to run concurrently with each other, resulting in a total sentence of twenty years for assault on a peace officer.  Robinson was

7

sentenced to five years in prison for failure to register as a sexual offender, with an additional five year sentence as a persistent felony offender. These latter two sentences were ordered to run consecutive to each other and consecutive to the twenty years in prison imposed for assault on a peace officer. The District Court also sentenced Robinson to six months in jail for resisting arrest, to run concurrently with the other sentences. These sentences resulted in a judgment requiring Robinson to serve a total of thirty years in prison. Robinson now appeals.

¶7 We review a district court's denial of a challenge for cause to a prospective juror for abuse of discretion. *State v. Golie*, 2006 MT 91, ¶ 6, 332 Mont. 69, ¶ 6, 134 P.3d 95, ¶ 6. If a district court abuses its discretion in denying a challenge for cause, the defendant uses a peremptory challenge to remove the juror, and also uses all of his peremptory challenges, we will reverse the judgment and order a new trial. *State v. Heath*, 2004 MT 58, ¶ 7, 320 Mont. 211, ¶ 7, 89 P.3d 947, ¶ 7.

¶8 A defendant may challenge a prospective juror for cause if the juror "ha[s] a state of mind in reference to the case . . . that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party." Section 46-16-115(2)(j), MCA. To determine whether a juror must be excused for cause, courts must examine both the statutory language and the totality of the circumstances in a given situation. *Heath*, ¶ 16. If voir dire examination of a prospective juror raises serious doubts about the juror's ability to be fair and impartial, the juror should be removed. *Golie*, ¶ 8.

¶9 A district court should excuse a prospective juror for cause if he or she has a fixed opinion of a defendant's guilt before trial begins. *State v. DeVore*, 1998 MT 340, ¶ 21, 292

8

Mont. 325, ¶ 21, 972 P.2d 816, ¶ 21, *overruled on other grounds*, *State v. Good*, 2002 MT 59, ¶ 63, 309 Mont. 113, ¶ 63, 43 P.3d 948, ¶ 63.  In *DeVore*, we concluded that two jurors should have been excused for cause because they repeatedly stated they assumed the defendant was "guilty of something" and they could not suspend that belief.  *DeVore*, ¶¶ 18-19.  Similarly, where a juror agreed with defense counsel that she would have a hard time with the presumption of innocence and gave weight to the simple fact that defendant was charged with a crime, the district court erred when it did not excuse the juror for cause.  *State v. Hausauer*, 2006 MT 336, ¶ 28, 335 Mont. 137, ¶ 28, 149 P.3d 895, ¶ 28.

¶10     In contrast, if a prospective juror merely expresses some concern about remaining impartial, but believes he can lay aside any concerns and fairly weigh the evidence, the district court is not required to remove the juror for cause.  *State v. Falls Down*, 2003 MT 300, ¶¶ 27, 30, 32, 318 Mont. 219, ¶¶ 27, 30, 32, 79 P.3d 797, ¶¶ 27, 30, 32.  *See also State v. Marble*, 2005 MT 208, ¶¶ 20-21, 328 Mont. 223, ¶¶ 20-21, 119 P.3d 88, ¶¶ 20-21 (concluding that a juror did not need removed for cause, even though he had strong religious beliefs about the charges at issue, because he consistently stated that he would follow the law and fairly weigh the evidence).

¶11     This Court typically gives weight to a prospective juror's spontaneous statements because they are most likely to be reliable and honest.  *DeVore*, ¶ 28.  A district court should not attempt to rehabilitate jurors whose spontaneous statements demonstrate bias by putting jurors in a position where they will not disagree with the court.  *Good*, ¶ 54.  Coaxed recantations in which jurors state they will merely follow the law, whether prompted by the trial court, the prosecution, or the defense, do not cure or erase a clearly stated bias which

9

demonstrates actual prejudice against the substantial rights of a party. *State v. Freshment*, 2002 MT 61, ¶ 18, 309 Mont. 154, ¶ 18, 43 P.3d 968, ¶ 18. Still, a district court may ask questions to clarify a juror's statements and better understand whether the juror is biased or not. *Heath*, ¶ 29.

¶12 Based on the totality of the circumstances shown by the questions and answers of the prospective juror in this case, as noted above, we cannot conclude as a matter of law that the District Court abused its discretion when it denied the challenge for cause. She repeatedly stated that she understood that Robinson was presumed innocent and said she could, and would, be impartial.

¶13 As in *DeVore* and *Hausauer*, the prospective juror made some comments that suggested she was struggling with the presumption of innocence. She presumed there was some reason to suspect him and put him on trial, or a jury would not have been called. This is a reasonable and logical reaction to being called for jury duty and subjected to voir dire. However, unlike the prospective jurors in *DeVore* and *Hausauer*, who stated they could not suspend their presumption the defendant was guilty of something, the prospective juror in this case repeatedly told counsel and the judge that she understood Robinson might be innocent. She did not express a fixed opinion about Robinson's guilt, but merely stated that the fact he was on trial gave her some doubts about his innocence. As we concluded in *Falls Down*, a juror need not be excused for cause simply for raising some concerns about a defendant's innocence, as long as the District Court reasonably concludes the juror is able to lay aside such concerns. When a juror makes conflicting statements, as in this case, the decision whether to grant a challenge for cause is within the discretion of the trial judge, who

has the ability to look into the eyes of the juror in question, and to consider her responses in the context of the courtroom, and then determine whether serious doubts exist about the juror's ability to be impartial. *See State v. Wright*, 2002 MT 275, ¶ 14, 312 Mont. 352, ¶ 14, 59 P.3d 432, ¶ 14.

¶14 The trial judge's questions in this case did not lead to a coaxed recantation of a bias as in *Freshment*. *See Freshment*, ¶ 18. In contrast to both *Freshment* and *Good*, the District Court here did not place the juror in a position where she simply agreed to follow the law despite a bias. Instead, the District Court judge, as in *Heath*, clarified her answers and explained the concept of probable cause as a basis for charging someone with a crime. In this instance, the judge appropriately questioned the prospective juror and discussed her answers with her. We conclude the District Court did not abuse its discretion when it denied Robinson's challenge for cause to the prospective juror.

¶15 This Court reviews a criminal sentence for its legality. If a sentence falls within the statutory parameters, it is legal. *State v. English*, 2006 MT 177, ¶ 55, 333 Mont. 23, ¶ 55, 140 P.3d 454, ¶ 55. We grant trial judges "broad discretion to determine the appropriate punishment." *State v. Ford*, 278 Mont. 353, 364, 926 P.2d 245, 251 (1996) (internal quotation omitted).

¶16 When the District Court designated Robinson a persistent felony offender, he became subject to the sentencing provisions of § 46-18-502, MCA, which provides that an offender "shall be imprisoned in a state prison for a term of not less than 10 years or more than 100 years." Section 46-18-502(2), MCA. The sentencing statute for persistent felony offenders replaces the maximum sentence for an offense, rather than creating a sentence that is

imposed in addition to the offense. *State v. Fitzpatrick*, 247 Mont. 206, 208, 805 P.2d 584, 586 (1991). Thus, a district court exceeded the maximum legal sentence when it imposed not only a sentence of ten years, but also imposed an additional 100 year sentence because the defendant was designated a persistent felony offender. *Fitzpatrick*, 247 Mont. at 207, 805 P.2d at 585.

¶17 In contrast, a district court does not impose an illegal sentence if a persistent felony offender's sentence falls below the maximum sentence provided. *State v. Gunderson*, 282 Mont. 183, 188, 936 P.2d 804, 806-07 (1997), *overruled on other grounds*, *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. In *Gunderson*, the court imposed a twenty year term for the offense as well as ten years for the defendant's persistent felony offender status. Gunderson argued this violated the rule announced in *Fitzpatrick* because the court imposed a separate sentence upon him as a persistent felony offender. However, we concluded that his sentence was legal because it fell within the statutory limits. *Gunderson*, 282 Mont. at 188, 936 P.2d at 806-07.

¶18 Robinson, relying on *Fitzpatrick*, argues that his sentence is illegal because sentences as a persistent felony offender are imposed in addition to the sentences for the offenses themselves. Robinson is correct that the District Court did impose sentences for being a persistent felony offender on top of those for assault on a peace officer and failure to register as a sex offender. However, the sentences imposed, in total, are well below the maximum

provided for by § 46-18-502(2), MCA. We conclude Robinson's sentences are not illegal because, in total, they are within statutory parameters.[1]

## CONCLUSION

¶19 The District Court did not abuse its discretion when it denied Robinson's challenge for cause to a prospective juror, and it did not impose an illegal sentence.

¶20 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE

---

[1] It is not an issue in this case, and we express no opinion, whether the maximum persistent felony offender sentence could have been imposed for each felony Robinson was found to have committed.