JUSTICE MORRIS
delivered the Opinion of the Court.
¶1 John Braunreiter (Braunreiter) appeals from the judgment entered in the District Court of the Second Judicial District, Silver Bow County, finding him guilty of burglary, a felony, in violation of § 45-6-204, MCA. Braunreiter raises numerous issues on appeal. We address only the District Court’s denial of Braunreiter’s challenge for cause of a potential juror. We reverse and remand for a new trial.
FACTUAL AND PROCEDURAL BACKGROUND
¶2 The State charged Braunreiter with burglary, assault with a weapon, and intimidation in March of 2005. The State alleged that Braunreiter burglarized a residence and stole three rifles, a shotgun, and a vintage knife. The State further alleged that Braunreiter assaulted a woman with a hammer during the State’s investigation of the burglary and threatened to kill her if she contacted law enforcement regarding Braunreiter’s involvement.
¶3 Braunreiter filed a motion to sever the burglary charge from the assault and intimidation charges on August 30, 2005. The District Court granted the motion, and trial on the burglary charge commenced on November 16, 2005.
*61 ¶4 The prosecutor posed questions to the jury panel regarding the presumption of a defendant’s innocence during voir dire. The prosecutor received no inappropriate responses from the panel. Braunreiter’s counsel referred the panel to the prosecutor’s discussion of the presumption of innocence during her opening remarks for voir dire. Braunreiter’s counsel asked if “Mr. Braunreiter [has] to prove anything in this case?” Prospective juror Kremer replied that a defendant should testify to prove that he or she did not commit the crime charged. Braunreiter’s counsel asked juror Kremer additional questions regarding the presumption of innocence and a juror’s obligation to follow instructions. Kremer maintained his belief that a defendant should be required to testify notwithstanding court instructions to the contrary. Braunreiter’s counsel requested that the court dismiss Kremer for cause.
¶5 The District Court provided the State with an opportunity to examine Kremer before deciding Braunreiter’s challenge for cause of prospective juror Kremer. The prosecutor questioned Kremer. Kremer’s responses to the prosecutor’s questions coincided with Kremer’s earlier statements to Braunreiter’s counsel. The District Court then discussed Kremer’s obligations as a juror to follow the court’s instructions. Kremer agreed to follow the instructions. The court denied the motion to dismiss Kremer for cause.
¶6 Braunreiter used a peremptory challenge to remove Kremer from the jury panel. Braunreiter exhausted his peremptory challenges. The jury convicted Braunreiter of burglary following a two-day trial. Braunreiter appeals the District Court’s denial of his challenge for cause of Kremer.
STANDARD OF REVIEW
¶7 We review a district court’s decision to deny a challenge for cause to a juror for an abuse of discretion. State v. Falls Down, 2003 MT 300, ¶ 17, 318 Mont. 219, ¶ 17, 79 P.3d 797, ¶ 17. We will reverse the judgment and order a new trial if a court abuses its discretion in denying a defendant’s challenge for cause, the defendant removes the challenged prospective juror with a peremptory challenge, and the defendant exhausts his peremptory challenges. State v. Robinson, 2008 MT 34, ¶ 7, 341 Mont. 300, ¶ 7, 177 P.3d 488, ¶ 7.
DISCUSSION
¶8 Braunreiter argues that the District Court committed error when it declined to excuse for cause prospective juror Kremer. Braunreiter *62 asserts that Kremer’s “spontaneous and honest” responses revealed that Kremer could not act without bias with regard to Braunreiter’s right to a presumption of innocence.
¶9 A defendant may challenge a juror for cause if the juror has a state of mind that prevents the juror from acting impartially and without prejudice to the substantial rights of the defendant. Section 46-16-115(2)(j), MCA. We review a prospective juror’s voir dire responses as a whole when reviewing a challenge for cause. State v. Hausauer, 2006 MT 336, ¶ 23, 335 Mont. 137, ¶ 23, 149 P.3d 895, ¶ 23. We emphasize a prospective juror’s spontaneous responses as we determine whether a serious question exists concerning the juror’s ability to remain impartial. Hausauer, ¶ 23.
¶10 District courts need not remove a prospective juror for cause where the juror expresses concerns about remaining impartial but believes that he or she will fairly weigh the evidence. Robinson, ¶ 10. Courts should resolve serious questions about a prospective juror’s ability to be fair and to remain impartial in favor of excusing the juror. State v. DeVore, 1998 MT 340, ¶ 25, 292 Mont. 325, ¶ 25, 972 P.2d 816, ¶ 25 (citation omitted) (overruled in part on other grounds by State v. Good, 2002 MT 59, 309 Mont. 113, 43 P.3d 948).
¶11 Section 46-16-114(2), MCA, allows district courts to examine potential jurors. A district court may clarify a juror’s statements and ask questions in order to better ascertain whether a juror has biases. Robinson, ¶ 11. District courts should not attempt to rehabilitate prospective jurors, however, by placing jurors in a position from which they will not disagree with the court. Good, ¶ 54. Coaxed recantations prompted by the trial court, or either counsel, fail to demonstrate that a prospective juror enters the trial without bias or prejudice. Robinson, ¶11.
¶12 The prosecutor discussed the presumption of innocence with the jury panel and had a brief exchange with prospective juror Kremer.
PROSECUTOR: So if I were to ask you folks right now, without hearing any evidence at all, is the defendant guilty or innocent, what do you folks have to say?
KREMER: Innocent.
PROSECUTOR:... [ajndifwe show to you beyond a reasonable doubt and we show you the facts and the circumstances such that Mr. Kremer has no doubt in his mind, what would you return a verdict of then, Mr. Kremer?
KREMER: If you could prove that he was guilty, I would say guilty, yeah.
*63 ¶13 Braunreiter’s counsel, after referring the jury panel to the prosecutor’s discussion of the presumption of innocence, asked the jury panel if “Mr. Braunreiter [has] to prove anything in this case?”
KREMER: Well, [Braunreiter] has been charged. He has to prove he didn’t do it.
* * * *
DEFENSE COUNSEL: Do you feel, Mr. Kremer, then, that every defendant who is charged needs to get up there and explain why he has been charged?
KREMER: That’s right.
DEFENSE COUNSEL: You do?
KREMER: (Nods head.)
DEFENSE COUNSEL: So if the defendant chose not to take the stand, standing under his constitutional right to not incriminate himself should any testimony he would give be incriminating, you would think that he needs to get up here and explain himself; is that right?
KREMER: Right.
DEFENSE COUNSEL: So even if the Court were to instruct you that you should not hold a defendant’s choice not to testify against him, you still believe that it would be appropriate for him to get up there and testify?
KREMER: He doesn’t have to if he doesn’t want to. That’s his choice. But I feel that he should get up and do it.
DEFENSE COUNSEL: If he chose not to testify, you would take that into account in considering the-
KREMER: I would have to hear all the evidence first.
¶14 Braunreiter’s counsel challenged juror Kremer for cause. The District Court provided the State with an opportunity to voir dire Kremer before deciding Braunreiter’s challenge.
PROSECUTOR: Mr. Kremer, you understand that the judge, at the end of the trial, is going to tell you how to do your deliberations; is that correct?
KREMER: Right.
PROSECUTOR: If the judge tells you that, if the defendant does not testify and exercises his right not to testify, which everybody here is able to, that you are not to consider that, could you set that aside?
KREMER: Probably.
PROSECUTOR: If the judge tells you that you are not to consider it, you can set that aside and not let that enter into your *64 deliberations?
KREMER: No.
The State then asked the court to deny Braunreiter’s challenge for cause of juror Kremer.
¶15 The District Court directly addressed Kremer.
THE COURT: Mr. Kremer, at the end of this, if you are selected for this jury, I’m going to tell you the law. And I’ll explain the law, and it’s not what you see on [television]; it’s not what you hear elsewhere. It’s what I tell you. Will you be able to follow that law?
KREMER: Sure.
THE COURT: Regardless of what you heard elsewhere?
KREMER: Right. I could follow the law.
The District Court denied Braunreiter’s challenge for cause of prospective juror Kremer.
¶16 Juror Kremer’s initial responses to the prosecutor’s questions raised no concerns with regard to his ability to perform as a juror without prejudice to Braunreiter’s rights. We must examine, however, Kremer’s responses as a whole. Hausauer, ¶ 23. Furthermore, we emphasize a prospective juror’s spontaneous response when reviewing a challenge for cause. Hausauer, ¶ 23.
¶17 Kremer’s spontaneous response to a question that Braunreiter’s counsel had posed to the entire jury panel raised serious questions regarding Kremer’s ability to act without prejudice to the presumption of innocence and Braunreiter’s right to refrain from testifying. Braunreiter’s counsel and the prosecutor provided Kremer with opportunities to clarify his position. Kremer’s responses to these follow-up questions failed to alleviate the serious concerns that arose from his earlier statements.
¶18 The Dissent faults the prosecutor and Braunreiter’s counsel for asking unclear questions. Dissent, ¶¶ 27-30. The Dissent asserts that these unclear questions failed to shed light on Kremer’s state of mind regarding Braunreiter’s right to refrain from testifying and the presumption of innocence. Dissent, ¶ 30. The Dissent contends, for example, that Kremer merely evinced a preference to hear directly from the defendant when Kremer stated “He doesn’t have to [testify] if he doesn’t want to. That’s his choice. But I feel that he should get up and do it.” Dissent, ¶ 28. Kremer’s repeated statements regarding Braunreiter’s rights, however, belie the Dissent’s characterization of Kremer’s position as a mere preference.
¶19 Kremer set himself apart from the other members of the jury *65 panel when Braunreiter’s counsel asked the panel whether “Mr. Braunreiter [has] to prove anything in this case?” Kremer stated that “[Braunreiter] has been charged. He has to prove he didn’t do it.” This statement amounts to more than a mere preference to hear a defendant’s testimony. Braunreiter’s counsel next asked Kremer if “every defendant who is charged needs to get up there and explain why he has been charged?” Kremer’s unequivocal answer, “That’s right,” to this straightforward question, raised a serious question about Kremer’s ability to perform as a juror without bias against Braunreiter’s right to refrain from testifying and the presumption of innocence.
¶20 Kremer’s responses to the follow-up questions asked by Braunreiter’s counsel and the prosecutor, when viewed in isolation, arguably present an unclear picture of Kremer’s position with regard to Braunreiter’s rights. Dissent, ¶ 30. These statements followed on the heels, however, of unequivocal answers from Kremer that raised serious questions about Kremer’s ability to remain impartial. The colloquy between Kremer and Braunreiter’s counsel and the prosecutor that took place after Kremer’s unequivocal responses failed to resolve these serious questions.
¶21 Kremer’s statements reveal the kind of fixed state of mind that this Court repeatedly has deemed appropriate for a dismissal for cause. We concluded in DeVore, for example, that the prospective jurors’ adherence to the belief that the defendant “is guilty of something” demonstrated a serious question about the jurors’ ability to remain impartial and to afford properly the presumption of innocence to the defendant. DeVore, ¶ 24. Likewise, we examined in Good two prospective jurors and their predisposition to favor the testimony of a teenage victim of sexual abuse. Good, ¶¶ 12, 53. We concluded that the jurors’ adherence to their respective positions demonstrated a serious question about the jurors’ abilities to act with impartiality. Good, ¶ 53.
¶22 We also determined in Good that the jurors’ recantations, given after the district court delivered a “civics speech” on the presumption of innocence, shed no light on the jurors’ abilities to remain impartial. Good, ¶ 55. We again cautioned district courts to refrain from rehabilitation efforts that place jurors in a “position where they will not disagree with the court.” Good, ¶ 54.
¶23 The prospective jurors in Falls Down and Robinson, by contrast, admitted having doubts about the defendant’s innocence, but gave responses that allowed the district court reasonably to conclude that *66 they could set aside their concerns. The prospective jurors in Falls Down did not express fixed opinions about the defendant’s guilt. Falls Down, ¶¶ 27, 30, 32, 35. The potential jurors also indicated that they had the ability to follow the court’s instructions or remain fair and impartial in the absence of the type of district court questioning that we warned against in Good. Falls Down, ¶¶ 25, 28, 31, 33. Similarly, we deferred in Robinson to the trial court’s decision not to excuse the juror for cause when the court had considered the juror’s conflicting statements regarding the presumption of innocence. Robinson, ¶ 13. We determined that the trial court’s questioning of the prospective juror constituted an attempt to clarify the juror’s thoughts and did not lead to a coaxed recantation. Robinson, ¶ 14.
¶24 Kremer stated that he would require Braunreiter to testify to prove his innocence even after rehabilitation attempts by Braunreiter’s counsel and the State. Kremer relinquished this position only after the District Court informed him that the law “[is] not what you see on [television]; it’s not what you hear elsewhere. It’s what I tell you.” Kremer’s response, “Sure,” in light of his previous responses and coming directly after the court’s admonition, leaves a serious question as to Kremer’s ability to perform impartially as a juror. Good, ¶ 55. We hold that the District Court could not conclude reasonably that Kremer had a state of mind that would allow him to perform as a juror free from prejudice to Braunreiter’s right to refrain from testifying and to the presumption of innocence.
¶25 The District Court abused its discretion when it denied Braunreiter’s challenge for cause of prospective juror Kremer. Braunreiter removed Kremer with a peremptory challenge and exhausted his peremptory challenges. We reverse the judgment and remand for a new trial. Robinson, ¶ 7.
CHIEF JUSTICE GRAY, JUSTICES WARNER, COTTER, LEAPHART and NELSON concur.