DA 10-0194

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 288

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TIMOTHY D. JOHNSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Mineral, Cause No. DC 09-2
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Colin M. Stephens, Smith & Stephens, P.C., Missoula, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; John Paulson, Assistant Attorney General, Helena, Montana

          M. Shaun Donovan, Mineral County Attorney; Kathleen Jenks, Special Deputy County Attorney, Superior, Montana

Submitted on Briefs:  December 8, 2010

Decided:  December 30, 2010

Filed:

                    _____

                                  Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Following a jury trial in the Fourth Judicial District Court, Mineral County, Timothy D. Johnson (Johnson) was convicted of felony intimidation.  Johnson appeals his conviction and sentence.  We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

## BACKGROUND

¶2      In January 2009, the State filed an Information charging Johnson with felony intimidation, in violation of § 45-5-203, MCA.  On July 6, 2009, following a one-day jury trial, Johnson was convicted of the offense.  In February 2010, the District Court sentenced Johnson to five years with the Department of Corrections and to an additional consecutive ten years, all suspended, at the Montana State Prison for his status as a persistent felony offender (PFO).

¶3      We restate the issues on appeal as follows:

¶4      Issue 1:  Whether the District Court properly instructed the jury on the mental state element of intimidation?

¶5      Issue 2:  Whether the District Court imposed an illegal sentence by including an additional sentence for Johnson's status as a PFO?

## STANDARD OF REVIEW

¶6      We review jury instructions to determine whether, as a whole, they fully and fairly provide instruction on the applicable law.  *State v. Henson*, 2010 MT 136, ¶ 21, 356 Mont. 458, 235 P.3d 1274.  A district court has broad discretion in formulating instructions, and

2

this Court will reverse only if the instructions prejudicially affect the defendant's substantial rights. *Id.*

¶7     Where the defendant was sentenced to more than one year of actual incarceration and, therefore, is statutorily eligible for sentence review, we review his sentence for legality only. *State v. Gunderson*, 2010 MT 166, ¶¶ 37-38, 357 Mont. 142, 237 P.3d 74.

## DISCUSSION

¶8     *Issue 1: Whether the District Court properly instructed the jury on the mental state element of intimidation?*

¶9     Approximately three weeks before trial, both parties submitted proposed jury instructions. One of the State's proposed instructions set forth the statutory definition of "purposely," which Johnson now claims erroneously instructed the jury on the requisite mental state. Johnson submitted proposed instructions on intimidation and issues in intimidation. Neither party objected to any of the proposed instructions prior to trial.

¶10    At trial, the District Court read several preliminary instructions to the jury before counsel presented their opening statements, including Instruction Number 8 which defined "purposely": "A person acts purposely when it is the person's conscious object to engage in conduct of that nature OR to cause such a result." The court also read Instruction Number 13 which defined intimidation:

> (1) A person commits the offense of intimidation when, with the purpose to cause another to perform or to omit the performance of any act, he communicates to another, under circumstances which reasonably tend to produce a fear that it will be carried out, a threat to perform without lawful authority any of the following acts: (a) inflict physical harm on the person

3

threatened or any other person; (b) subject any person to physical confinement or restraint; or (c) commit any felony. (2) A person commits the offense of intimidation if he knowingly communicates a threat or false report of a pending fire, explosion, or disaster which would endanger life or property.

Neither party objected to either of the above instructions.

¶11 On appeal, Johnson argues that because intimidation is a result oriented offense, the District Court committed prejudicial error by providing the jury with a disjunctive definition that "purposely" related either to result *or* conduct. Johnson also asserts that the court erred in including subsection (2) of Instruction Number 13, as it provided a "knowingly" mental state and was not applicable to the facts in Johnson's case. The State asserts that Johnson did not preserve his claim of instructional error for purposes of appeal.

¶12 "A party may not assign as error any portion of the instructions or omission from the instructions unless an objection was made specifically stating the matter objected to, and the grounds for the objection, at the settlement of instructions." Section 46-16-410(3), MCA. Thus, except as provided in § 46-20-701, MCA, if the party asserting error failed to object to the alleged erroneous instruction at the time the instructions were proposed, we will decline to review the instructions on appeal. *State v. Minez*, 2004 MT 115, ¶ 28, 321 Mont. 148, 89 P.3d 966 (citing *State v. Rinkenbach*, 2003 MT 348, ¶ 11, 318 Mont. 499, 82 P.3d 8). We agree with the State and conclude that Johnson's failure to object to the jury instructions waived his claim of instructional error on appeal.

¶13 Further, in his reply brief, Johnson asserts for the first time that his trial counsel and appellate counsel did not provide effective assistance of counsel. Johnson also argues in his

4

reply that although he did not explicitly argue that the District Court committed plain error, such arguments were implicit in his opening brief. It is improper for us to consider an issue that is raised for the first time in a reply brief. *State v. Ferguson*, 2005 MT 343, ¶ 39, 330 Mont. 103, 126 P.3d 463. In addition, we previously have refused to invoke the common law doctrine of plain error review when a party raises such request for the first time in his reply brief. *See State v. Raugust*, 2000 MT 146, ¶ 19, 300 Mont. 54, 3 P.3d 115; *State v. Hagen*, 283 Mont. 156, 159, 939 P.2d 994, 996 (1997). We decline to do so today. Affirmed.

¶14 *Issue 2: Whether the District Court imposed an illegal sentence by including an additional sentence for Johnson's status as a PFO?*

¶15 Johnson argues that his sentence is illegal because the District Court imposed two separate sentences: five years for the intimidation conviction and ten years for his PFO status. The State counters that although Johnson's sentence may be objectionable as to form, it falls within statutory parameters and should be affirmed.

¶16 Although a defendant failed to object to his sentence at sentencing, we will review his sentence if he alleges such sentence is illegal or exceeds statutory mandates. *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). In *State v. DeWitt*, 2006 MT 302, ¶ 11, 334 Mont. 474, 149 P.3d 549, we discussed the correct procedure for sentencing under the PFO statutes:

> [A] [PFO] designation is not itself a separate crime carrying a separate sentence, but is a procedural sentence enhancement required by statute. *See* §§ 46-18-501 and -502, MCA. There is not, therefore, a separate sentence for

5

the felony and a separate sentence for the persistent felony offender charge, but only one sentence pursuant to § 46-18-502, MCA.

Additionally, we recently emphasized that "sentences imposed based on an offender's status as a [PFO] *replace* the sentence for the underlying felony." *Gunderson*, ¶ 54.

¶17 By imposing two separate sentences, the District Court sentenced Johnson in violation of § 46-18-502, MCA. While the State concedes that the form of Johnson's sentence may be illegal, it relies upon *State v. Robinson*, 2008 MT 34, ¶¶ 17-18, 341 Mont. 300, 177 P.3d 488, *overruled*, *State v. Gunderson*, 2010 MT 166, 357 Mont. 142, 237 P.3d 74, for its argument that a sentence is not illegal if the aggregate of the two separate sentences (PFO and underlying felony) falls within the maximum sentence provided under the PFO statute. Thus, the State argues that Johnson's combined sentence of fifteen years falls well within the statutory parameters of the PFO statute (100 years) and, therefore, is not illegal. However, in *Gunderson*, we overruled our holding in *Robinson*, noting that the PFO sentence replaces the sentence for the underlying felony. *Gunderson*, ¶¶ 52, 54. We emphasize again today that regardless of whether the two separate sentences fall within the parameters of the PFO statute, two separate sentences are illegal. The PFO sentence replaces the underlying felony sentence. *Id.* at ¶ 54.

¶18 Therefore, Johnson's sentence is illegal. We reverse and remand to the District Court for resentencing.

**CONCLUSION**

6

¶19    Affirmed in part, reversed in part, and remanded for further proceedings consistent with this Opinion.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS