DA 12-0111

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 74N

STATE OF MONTANA,

     Plaintiff and Appellee,

v.

MICHAEL WAYNE MCDONALD,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-291
Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Wade Zolynski, Chief Appellate Defender; Lisa S. Korchinski, Assistant Appellate Defender; Helena, Montana

     For Appellee:

          Timothy C. Fox, Montana Attorney General; Pamela P. Collins, Assistant Attorney General; Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney; Shawn Thomas, Deputy Missoula County Attorney; Missoula, Montana

Submitted on Briefs:  February 27, 2013
Decided:  March 19, 2013

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Michael Wayne McDonald (McDonald) appeals from a final judgment entered by the Fourth Judicial District Court, Missoula County. The issue presented on appeal is whether the District Court abused its discretion in denying McDonald's challenge for cause of a prospective juror. We affirm.

¶3      McDonald was charged with two counts of felony incest. Trial commenced in February 2011. During voir dire, when asked if she would be a suitable juror, prospective juror Lewis stated: "I'm not sure. I think that I can be impartial. However, knowing the statistics on domestic violence and sexual abuse cases, it seems that the question isn't whether the girls have been molested. It's a question of whether or not Mr. McDonald was the perpetrator." In response to further questioning from the defense and the court, Lewis stated that she had not made up her mind and could be fair and impartial. McDonald moved to excuse Lewis for cause which was denied.

¶4      A prospective juror may be challenged and excused for cause if the court determines that the prospective juror "[has] a state of mind in reference to the case or to either of the parties that would prevent the juror from acting with entire impartiality and without prejudice to the substantial rights of either party." Section 46-16-115(2)(j), MCA. In

2

determining whether a prospective juror should be excused for cause, the court must consider both the statutory requirements and the totality of the circumstances. *St. Germain v. State*, 2012 MT 86, ¶ 65, 364 Mont. 494, 276 P.3d 886 (citing *State v. Normandy*, 2008 MT 437, ¶ 22, 347 Mont. 505, 198 P.3d 834; *State v. Robinson*, 2008 MT 34, ¶ 8, 341 Mont. 300, 177 P.3d 488). If the totality of a prospective juror's responses raises serious questions about their ability to be fair and impartial, the juror should be removed. *St. Germain*, ¶ 65. If, however, the prospective juror merely expresses concern about impartiality but believes they can fairly weigh the evidence, the court is not required to remove the juror. *St. Germain*, ¶ 65.

¶5 "Jurors should be disqualified based on their prejudices only where they have 'formed fixed opinions on the guilt or innocence of the defendant which they would not be able to lay aside and render a verdict based solely on the evidence presented in court.'" *State v. Hart*, 2009 MT 268, ¶ 13, 352 Mont. 92, 214 P.3d 1273 (internal quotation omitted). We give deference to district courts who sit in a "peculiarly advantageous position," wherefrom they may observe a juror's demeanor, expression, and manner of answering questions in order to discern the true bias of a potential juror. *Hart*, ¶ 13.

¶6 In this case, Lewis never stated or inferred that she had a fixed opinion about McDonald's guilt. Lewis stated that she "[had not] made up [her] mind," that she "[could] be impartial, and . . . openly listen to the case," and that she could be fair. The court excused nine other prospective jurors for cause because of statements about their ability to be fair and impartial. In Lewis's case, however, the court decided based on the totality of the

3

circumstances that Lewis was qualified to sit as a juror. Under the circumstances of this case, we have determined that the District Court did not abuse its discretion when it denied McDonald's challenge for cause of prospective juror Lewis.

¶7 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions.

¶8 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE