Justice Jim Rice, concurring.
***178 ¶19 Jurors come to the trial process with their own set of experiences, preconceptions, and personal biases, and the expression of those feelings should be encouraged. Rather than an attempt to find jurors who do not hold any opinions, jury selection is about finding jurors who respect the process and understand that it requires them to apply the law as provided in the instructions impartially. Thus, educating jurors about the process and dispelling honest misconceptions they may hold is a proper function of voir dire, and should not be viewed as alarming or disqualifying. That purpose, along with the deference we are to give to a district court's determination regarding a challenge for cause, see State v. Robinson , 2008 MT 34, ¶ 13, 341 Mont. 300, 177 P.3d 488, overruled on other grounds by State v. Gunderson , 2010 MT 166, ¶ 50, 357 Mont. 142, 237 P.3d 74 ("[T]he decision whether to grant a challenge for cause is within the discretion of the trial judge, who has the ability to look into the eyes of the juror in question, and to consider her responses in the context of the courtroom,") provides significant leeway for open dialog about juror viewpoints during juror selection.
¶20 I would vote to affirm based upon these principles, except that I believe the Court has correctly applied our precedent *153 regarding "single-syllable answers prompted by leading questions" and "[r]ecantations coaxed by such questions." Opinion, ¶¶ 11, 12. Juror S. held quite firmly to her incorrect position about the elements of the particular charge at issue throughout the questioning, even voluntarily offering her position in response to general questions, until she issued short recantation answers in response to the prosecutor's leading questions. Once a juror has gone this far with a misconception, our precedent requires something more than short recantations in response to leading questions to determine if the juror's views remain "fixed" or otherwise biased. State v. Golie , 2006 MT 91, ¶ 25, 332 Mont. 69, 134 P.3d 95. For example, the state could have explained that prosecutors must determine the appropriate charges to bring, that they make that decision based upon many factors beyond a jury's consideration, and, here, prosecutors decided to bring this particular charge. Given that, the juror could have been asked whether she understood the trial was about a particular charge, and whether she could explain, in light of her expressed opinions, if she would be able to undertake the process of assessing whether the State had proved the elements of that particular charge. Granted, these questions may touch on areas the prosecution would rather not discuss, but the state could use other kinds of probing questions, or opt not to attempt rehabilitation at all.
¶21 I concur.