No. 02-675

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 341

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

DERRICK A. DAVIS,

        Defendant and Appellant.


APPEAL FROM:    District Court of the First Judicial District,
                      In and for the County of Lewis and Clark, Cause No. ADC 2001-255
                      The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Peter Bovingdon, Assistant Public Defender, Helena, Montana

        For Respondent:

        Hon. Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant
        Attorney General, Helena, Montana; Leo Gallagher, Lewis and Clark County
        Attorney, Carolyn Clemens, Deputy County Attorney, Helena, Montana


                          Submitted on Briefs:  August 21, 2003

                                   Decided:  December 15, 2003

Filed:


                              Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Appellant Derrick Davis was convicted of three counts of burglary, one count of theft, one count of criminal endangerment, and one count of obstructing a peace officer or public servant in the First Judicial District Court, Lewis and Clark County. Davis appeals. We affirm.

¶2 We restate the issues on appeal as follows:

¶3 1. Did the District Court abuse its discretion when it failed to conduct a hearing after it discovered that one of the jurors was acquainted with witness Ed Tregidga?

¶4 2. Was Davis denied his right to effective assistance of counsel when defense counsel failed to object to a potentially biased juror?

¶5 3. Was Davis denied his right to effective assistance of counsel when defense counsel requested a continuance of the trial date?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6 On September 28, 2001, the Respondent, State of Montana, filed an information charging Davis with four counts of burglary, in violation of § 45-6-204, MCA (1999), one count of attempted burglary, in violation of §§ 45-6-204 and 45-4-103, MCA (1999), one count of reckless driving, in violation of § 61-8-301(1)(b), MCA (1999), one count of driving without a license, in violation of § 61-5-102, MCA (1999), and one count of obstructing a peace officer or public servant, in violation of § 45-7-302, MCA (1999). Davis pled not guilty to all eight counts on October 10, 2001.

¶7 The District Court scheduled the case for trial on December 10, 2001. On November 28, 2001, Davis' court-appointed counsel, Randi Hood, appeared in District Court and requested a continuance of the trial date. Hood waived Davis' speedy trial right for purposes

2

of the continuance. The District Court rescheduled the trial for January 22, 2002.

¶8 On March 1, 2002, the trial was again rescheduled by the District Court for March 11, 2002. That same day, Davis sent a letter to the District Court requesting that Hood be removed as his counsel. The District Court conducted a hearing on Davis' request on March 5, 2002. At the hearing, Davis stated that a friend in the Jehovah's Witnesses was helping him to obtain private counsel. Davis further stated that the cost of such counsel would be paid by the Jehovah's Witnesses. The District Court responded by cancelling the trial date and removing Hood as Davis' counsel.

¶9 On March 8, 2002, the State filed an amended information, charging Davis with four counts of burglary, in violation of § 45-6-204, MCA (1999), one count of theft, in violation of § 45-6-301(1)(c), MCA (1999), one count of criminal endangerment, in violation of § 45-5-207, MCA (1999), and one count of obstructing a peace officer or public servant, in violation of § 45-7-302, MCA (1999).

¶10 On March 13, 2002, and March 21, 2002, the District Court held status hearings on Davis' progress in obtaining private counsel. At both hearings, Davis reported that he had been unable to secure such counsel. Accordingly, the District Court appointed Jeremy Gersovitz to represent Davis on April 3, 2002.

¶11 On April 11, 2002, Davis pled not guilty to the seven counts contained in the amended information. The case proceeded to jury trial on June 3, 2002. During voir dire, the prospective jurors were asked if they knew witnesses Ed and Sharon Tregidga. Several jurors indicated that they were acquainted with either Ed or Sharon, but all stated that their knowledge of the Tregidgas would not affect their ability to sit as jurors on the case.

¶12 Following opening statements, the State called Ed Tregidga as its first witness.

3

Immediately after Tregidga was called, the following exchange occurred between one of the jurors and the District Court:

> THE COURT: Please be seated here in the witness chair.
>
> JUROR: I do know Ed. I know him from school. I didn't know his last name. I just met him this year.
>
> THE COURT: Okay.

Tregidga then proceeded to give his testimony.

¶13 Davis was convicted of three counts of burglary, one count of theft, one count of criminal endangerment, and one count of obstructing a peace officer or public servant on June 5, 2002. Davis was sentenced on July 15, 2002. He appealed on July 25, 2002.

## STANDARD OF REVIEW

¶14 The standard of review for discretionary trial court rulings in criminal cases is whether the trial court abused its discretion. *State v. Flores*, 1998 MT 328, ¶ 27, 292 Mont. 255, ¶ 27, 974 P.2d 124, ¶ 27.

¶15 Claims of ineffective assistance of counsel involve mixed questions of law and fact. Therefore, this Court reviews such claims *de novo*. *State v. Jefferson*, 2003 MT 90, ¶ 42, 315 Mont. 146, ¶ 42, 69 P.3d 641, ¶ 42.

## DISCUSSION

### ISSUE 1

¶16 Did the District Court abuse its discretion when it failed to conduct a hearing after it discovered that one of the jurors was acquainted with witness Ed Tregidga?

¶17 On appeal, Davis contends that the District Court was required to conduct a hearing after it discovered that one of the jurors was acquainted with witness Ed Tregidga, in order

4

to determine if the juror was biased toward Tregidga. Davis further asserts that the District Court's failure to conduct such a hearing denied him of his right to an impartial jury under Article II, Section 24, of the Montana Constitution.

¶18 However, Davis did not object at trial to the District Court's failure to hold a hearing. Nor did he object when the District Court allowed Tregidga to testify. In a direct appeal, the defendant is "limited to those issues that were properly preserved in the district court and to allegations that the sentence is illegal or exceeds statutory mandates." *State v. Brown*, 1999 MT 31, ¶ 8, 293 Mont. 268, ¶ 8, 975 P.2d 321, ¶ 8 (citations omitted). Additionally, § 46-20-104(2), MCA (1999), provides that: "Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2)." Section 46-20-701(2), MCA (1999), is inapplicable to the case at bar. Accordingly, we conclude that Davis waived review of the District Court's failure to conduct a hearing after it discovered that one of the jurors was acquainted with Ed Tregidga.

¶19 In his reply brief, Davis maintains that even if his failure to object waived review of the instant issue, this Court should address the issue under the plain error doctrine. The plain error doctrine allows this Court to discretionarily review claimed errors that implicate a criminal defendant's fundamental constitutional rights, even if no contemporaneous objection is made and notwithstanding the inapplicability of § 46-20-701(2), MCA, where failing to review the claimed error at issue may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness of the trial or proceedings, or may compromise the integrity of the judicial process. *State v. Daniels*, 2003 MT 247, ¶ 20, 317 Mont. 331, ¶ 20, 77 P.3d 224, ¶ 20. The plain error doctrine is to be employed sparingly, on a case-by-case basis, considering the totality of the circumstances of each case. *Daniels*,

5

¶ 20.

¶20    In the instant case, Davis neglected to demonstrate that the District Court's failure to conduct a hearing amounted to error that:  (1) resulted in a manifest miscarriage of justice; (2) effected the fundamental fairness of his trial; or (3) compromised the integrity of the judicial process.  See also *Daniels*, ¶ 27.  Therefore, Davis does not meet the narrow criteria required for this Court to invoke its discretionary plain error review.

¶21    We also note here, as we did in *Daniels*, that we will not set a precedent of presenting a full analysis whenever a party asserts that an issue not properly preserved for appeal constitutes plain error.  Such a scenario would nullify the rule requiring an argument to be preserved for appeal, and allow a party to bring virtually any argument before this Court. *Daniels*, ¶ 28.

¶22    For the foregoing reasons, we decline to address Davis' contentions regarding the District Court's failure to conduct a hearing after it discovered that one of the jurors was acquainted with Ed Tregidga.

### ISSUE 2

¶23    Was Davis denied his right to effective assistance of counsel when defense counsel failed to object to a potentially biased juror?

¶24    Davis alleges that he was denied his right to effective assistance of counsel at trial because Gersovitz failed to object when the juror announced that he or she was acquainted with witness Ed Tregidga.  To assess a claim of ineffective assistance of counsel, both on direct appeal and in post-conviction proceedings, this Court applies the two-prong test from *Strickland v. Washington* (1984), 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674.  See *Dawson v. State*, 2000 MT 219, ¶ 20, 301 Mont. 135, ¶ 20, 10 P.3d 49, ¶ 20.  The *Strickland*

test requires the defendant to "show that his counsel's performance was deficient and that the deficient performance prejudiced the defense and deprived the defendant of a fair trial." *Dawson*, ¶ 20.

¶25     As a preliminary matter, this Court must first determine whether or not the record is sufficient to establish if counsel was ineffective. *Daniels*, ¶ 41.  That is, we have previously concluded that a silent record cannot rebut the strong presumption that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Russell*, 2001 MT 278, ¶ 16, 307 Mont. 322, ¶ 16, 37 P.3d 678, ¶ 16.  Thus, in cases where the record does not illuminate the basis for the challenged acts or omissions, an ineffective assistance of counsel claim is more appropriately made in a petition for post-conviction relief, in which a supplemental record can be made. *Russell*, ¶ 16.

¶26     In this case, the record is silent as to the basis for Gersovitz's decision not to object when the juror announced that he or she was acquainted with Ed Tregidga.  Consequently, Davis' assertions regarding Gersovitz's potential ineffectiveness would be more appropriately raised in a petition for post-conviction relief.  Therefore, we decline to address this issue.

¶27     Was Davis denied his right to effective assistance of counsel when defense counsel requested a continuance of the trial date?

¶28     Davis maintains that he was denied his right to effective assistance of counsel when Hood requested that his December 10, 2001, trial date be continued, because the continuance allowed the State the opportunity to file an amended information which contained additional charges.

¶29     We conclude that this issue was submitted to this Court without adequate support. Rule 23(a)(4), M.R.App.P., requires the appellant to provide an argument that contains "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on." Moreover, we have repeatedly held that "we will not consider unsupported issues or arguments." *In re Custody of Krause*, 2001 MT 37, ¶ 32, 304 Mont. 202, ¶ 32, 19 P.3d 811, ¶ 32. It is "not this Court's obligation to locate authorities or formulate arguments for a party in support of positions taken on appeal." *In re B. P.*, 2001 MT 219, ¶ 41, 306 Mont. 430, ¶ 41, 35 P.3d 291, ¶ 41. In this case, Davis failed to bolster his contentions regarding Hood's ineffectiveness with argument or authority in support of his claims. In fact, less than one page of Davis' opening brief was devoted to this issue. Accordingly, we decline to address the issue.

¶30     The judgment of the District Court is affirmed.

/S/ PATRICIA COTTER

8

We Concur:


/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART