No. 03-598

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 158

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

DENISE OLSEN,
a/k/a DENISE HAMMER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 02–21
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Bryan C. Tipp, Robin Ammons; Tipp & Buley, Missoula, Montana

      For Respondent:

          Honorable Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

          George H. Corn, Ravalli County Attorney; William Fulbright,
Deputy County Attorney, Hamilton, Montana

          Submitted on Briefs: May 11, 2004

                  Decided: June 22, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Denise Olsen (Olsen) appeals from the judgment entered by the Twenty-First Judicial District Court, Ravalli County, on her convictions for arson, a felony, and making false reports to law enforcement authorities, a misdemeanor. We affirm.

¶2 Olsen raises the following issues on appeal:

¶3 1. Did the District Court abuse its discretion by not allowing one of Olsen's expert witnesses to testify?

¶4 2. Did the District Court commit reversible error by commenting on the qualifications of Olsen's expert witness?

¶5 3. Did Olsen receive effective assistance of counsel?

## BACKGROUND

¶6 In February of 2002, the State of Montana (State) charged Olsen by information with the offenses of arson and making false reports to law enforcement authorities, based on information gathered during an investigation of a fire at her residence in Hamilton, Montana. Olsen pleaded not guilty to both offenses and the case proceeded to a jury trial. The jury found her guilty of both offenses. The District Court sentenced Olsen and entered judgment on the convictions and sentences. Olsen appeals.

## DISCUSSION

¶7 1. Did the District Court abuse its discretion by not allowing one of Olsen's expert witnesses to testify?

¶8     The State established in its case-in-chief at trial that the fire in Olsen's residence originated above the kitchen ceiling and possibly was caused by a candle. The State also presented evidence that Olsen had stated to a number of people that she wished to burn down her residence--possibly using a candle--and collect on the insurance. Several of the State's witnesses also testified that, although there was an electrical junction box attached to some wiring in the kitchen ceiling near where the fire started, the fire did not originate in the junction box and did not have an electrical cause.

¶9     In her defense, Olsen attempted to establish that the fire was caused accidentally by a short in the junction box. Prior to trial, Olsen sent the junction box to Northwest Laboratories in Seattle, Washington, to be examined. The examination was conducted by Richard Schefsky (Schefsky), a chemical engineer, who concluded that the junction box was the cause of the fire. Olsen called Schefsky to testify as an expert witness. Olsen began her direct examination of Schefsky by questioning him regarding his education and professional experience. During Schefsky's recitation of his background, the District Court cut in, stating "Mr. Schefsky, let me interrupt. This is all completely useless information." The State subsequently requested to voir dire the witness to determine his qualifications to testify as an expert. After the voir dire, the State moved to exclude Schefsky from testifying on the basis that he lacked the necessary expertise to testify on the subject of forensic electrical engineering. Olsen was unable to elicit any further testimony from Schefsky sufficient to satisfy the District Court that the witness had the requisite experience and knowledge to testify on the subject at issue and, as a result, the court refused to allow his testimony. Olsen

3

asserts error. We review a district court's ruling regarding the admissibility of testimony to determine whether the court abused its discretion. State v. Hayworth, 1998 MT 158, ¶ 36, 289 Mont. 433, ¶ 36, 964 P.2d 1, ¶ 36.

¶10 Olsen concedes in her brief on appeal that she did not object to the District Court's refusal to allow Schefsky's testimony; nor did she make an offer of proof regarding his qualifications to testify or the substance of his testimony. Moreover, Olsen does not argue that the District Court's ruling constituted statutory or common law plain error. It is well-established that, where the defendant failed to make a contemporaneous objection to alleged error in the trial court, the objection is waived and not subject to appellate review. See, e.g., State v. Davis, 2003 MT 341, ¶ 18, 318 Mont. 459, ¶ 18, 81 P.3d 484, ¶ 18; State v. Micklon, 2003 MT 45, ¶ 8, 314 Mont. 291, ¶ 8, 65 P.3d 559, ¶ 8; State v. Brister, 2002 MT 13, ¶ 15, 308 Mont. 154, ¶ 15, 41 P.3d 314, ¶ 15. In light of Olsen's admission that she failed to object to the asserted error here, we decline to address this issue further.

¶11 2. Did the District Court commit reversible error by commenting on the qualifications of Olsen's expert witness?

¶12 Olsen next argues that the District Court's statement that Schefsky's testimony "is all completely useless information," was an improper comment on the evidence and constitutes reversible error. Again, however, she concedes in her brief that she did not object to the court's statement and does not argue that the statement amounts to plain error. As stated above, failure to make a contemporaneous objection to alleged error in the trial court results

4

in a waiver of the objection on appeal. Davis, ¶ 18; Micklon, ¶ 8; Brister, ¶ 15. As a result, we decline to address this issue.

¶13    3. Did Olsen receive effective assistance of counsel?

¶14    Olsen argues that her trial counsel rendered ineffective assistance because he failed to object to the qualifications of one of the State's expert witnesses, repeatedly failed to object to testimony offered by the State, failed to object to the District Court's allegedly improper comments on the evidence, and failed to make an offer of proof when the court refused to allow Schefsky's testimony. The State responds that Olsen's claims of ineffective assistance of counsel cannot be resolved on direct appeal because the record is insufficient. We agree.

¶15    We determine whether a defendant received ineffective assistance of counsel by applying the two-pronged test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. State v. Hendricks, 2003 MT 223, ¶ 6, 317 Mont. 177, ¶ 6, 75 P.3d 1268, ¶ 6 (citations omitted). Under that test, the defendant bears the burden of establishing that counsel's performance fell short of the range of competence required of attorneys in criminal proceedings and that this deficient performance prejudiced the defendant's case. Hendricks, ¶ 6 (citations omitted). With regard to the first prong of the Strickland test, a strong presumption exists that trial counsel's performance was based on sound strategy and falls within the broad range of reasonable professional conduct. Hendricks, ¶ 7 (citations omitted). Moreover, where the record is silent as to the reasoning for counsel's allegedly deficient actions, we are unable to determine whether those actions

were an unreasonable strategy overcoming the presumption that counsel's conduct falls within the reasonable range of professional conduct. Hendricks, ¶ 9 (citations omitted). Consequently, where the record in a direct appeal is insufficient to determine whether counsel's performance was deficient, the issue is more appropriately brought via a petition for postconviction relief and the direct appeal must be dismissed. Hendricks, ¶¶ 10-11 (citations omitted).

¶16    In State v. Herrman, 2003 MT 149, ¶ 20, 316 Mont. 198, ¶ 20, 70 P.3d 738, ¶ 20, the defendant asserted that he received ineffective assistance of counsel because his trial attorney failed to exercise challenges for cause to remove several prospective jurors from the panel during voir dire and, instead, removed those jurors via peremptory challenges. In addressing the issue, we stated that

> [a]lthough lawyers will, on the record, state their reasons for challenging a juror for cause, they do not state their reasons for *not challenging* a juror. A lawyer's rationale for not challenging a juror for cause is strictly a matter of internal thought processes or, perhaps, the subject of an off-the-record discussion between the lawyer and his client. There can be any number of reasons, not apparent from the record, why a lawyer will choose to not challenge a juror.

Herrman, ¶ 28. We also observed that

> it is a mistake to assume that we can determine from a cold record whether there was a tactical reason for not exercising a challenge. The reasons for counsel's actions or inactions should not be "assumed" but should be the subject of a postconviction evidentiary inquiry.

Herrman, ¶ 30. We concluded on this basis that a review of the defendant's ineffective assistance of counsel claims required consideration of matters outside the record.

6

Consequently, the claims were more appropriately raised via a petition for postconviction relief and we dismissed the direct appeal. Herrman, ¶ 34.

¶17 The present case is similar to Herrman. Olsen asserts she received ineffective assistance of counsel based on her attorney's failure to lodge various objections and make an offer of proof regarding an expert witness. However, while attorneys will state on the record their reasons for objecting or making an offer of proof during trial, they do not state their reasons for not doing so. Any number of reasons not apparent on the record may explain why an attorney chooses not to lodge an objection. Thus, because the record before us is devoid of any evidence establishing the reasons for the inactions of Olsen's counsel which she asserts constitute deficient performance, we cannot make this determination on direct appeal and the issue is more appropriately raised via a petition for postconviction relief. Accordingly, the ineffective assistance of counsel claim is dismissed.

¶18 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER