DA 07-0342

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 342

DENISE HAMMER, f/k/a DENISE OLSEN,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 05-299
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Edmund F. Sheehy, Jr., Regional Deputy Public Defender,
         Missoula, Montana

      For Appellee:

         Hon. Mike McGrath, Montana Attorney General; John A. Paulson,
         Assistant Attorney General; Helena, Montana

         George H. Corn, Ravalli County Attorney; William Fulbright,
         Deputy County Attorney; Hamilton, Montana

               Submitted on Briefs:  August 6, 2008

                    Decided:  October 9, 2008

Filed:

              _____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Denise Hammer appeals from the order of the District Court for the Twenty-First Judicial District, Ravalli County, denying her petition for postconviction relief. We affirm.

**Factual and Procedural Background**

¶2     The following uncontested facts are taken from the District Court's order denying postconviction relief and the parties' briefs. On February 13, 2002, Denise Olsen, now known as Denise Hammer, was charged with one felony count of arson in violation of § 45-6-103, MCA, and with making a false report to law enforcement authorities, a misdemeanor in violation of § 45-7-205(b), MCA. These charges arose from a fire that occurred in Hammer's residence. Hammer was tried by a jury of her peers in a five day trial, and was convicted of both charges.

¶3     The central dispute in Hammer's trial was whether the fire was deliberately caused. The defense theory was that the fire originated in an electrical junction box, and thus was accidental; while the State charged that the fire was deliberately set with candles. Hammer's defense counsel, with the court's permission, retained fire investigation expert Brian Hattem, who determined that an electrical short in the junction box caused the fire. The junction box was sent to Richard Schefsky, owner of Northwest Laboratories, who concurred with this conclusion, and wrote a report to that effect.

2

¶4     During trial, a scheduling conflict arose with the State's expert.  A discussion was held in chambers, where the State asked the court to allow its expert to rebut Schefsky's report during the State's case in chief, essentially giving his rebuttal testimony out of sequence.  During this discussion, Hammer's counsel confirmed that, consistent with the witness and exhibits list, he did not intend to call Schefsky to testify as an expert, rather he planned to introduce Schefsky's report as an exhibit.  This was presumably because, in defense counsel's words, the report merely "verifies" the conclusion of fire investigation expert Brian Hattem.  This discussion resulted in the court, over defense counsel's objection, allowing the State's expert to rebut Schefsky's report before the defense introduced the report as an exhibit.  Because of this non-sequential rebuttal, the court and jury were made aware of both the substance and conclusion of Schefsky's report during the prosecution's case in chief.

¶5     During the defense's case, after the testimony of Brian Hattem, defense counsel called Schefsky as an expert witness.  Counsel questioned him in a manner designed to elicit responses that would qualify him as an expert, which resulted in a lengthy recitation of his work experience and education.  However, his testimony failed to produce any information that would tend to establish his expertise in forensic electrical engineering.  After a "long, rambling account" covering "seven pages of trial transcript," the court interrupted, stating "[t]his is all completely useless information."  Defense counsel did not object to the court's statement, and continued in his attempt to elicit relevant qualifications from

3

Schefsky. Voir dire by the State established that Schefsky lacked formal training or experience in electrical engineering, and had only very general experience with electrical work. Another attempt by defense counsel to qualify Schefsky was similarly unsuccessful, and the court did not allow Schefsky to testify as an expert witness. Defense counsel did not make an offer of proof as to either Schefsky's qualifications or the substance of his report.

¶6 Hammer filed a direct appeal to this Court alleging that: 1) the District Court abused its discretion by not allowing one of her expert witnesses to testify; 2) the District Court committed reversible error by commenting on the qualifications of her expert witness; and 3) she received ineffective assistance of trial counsel. We affirmed Hammer's conviction. *State v. Olsen*, 2004 MT 158, ¶ 1, 322 Mont. 1, ¶ 1, 92 P.3d 1204, ¶ 1. In so affirming, we declined to address Hammer's first two claims on the basis that she failed to lodge a contemporaneous objection during trial, therefore those claims were waived and not subject to appellate review. *Olsen*, ¶¶ 10, 12. We dismissed her claims for ineffective assistance of counsel without prejudice, holding that such claims were more appropriately raised in a petition for postconviction relief. *Olsen*, ¶ 17.

¶7 Hammer filed a petition for postconviction relief in the District Court, alleging ineffective assistance of counsel on five grounds, two of which are relevant to this appeal: 1) defense counsel's failure to object to the District Court's allegedly improper comment on the qualifications of Hammer's expert witness Richard Schefsky; and 2) defense counsel's failure to make an offer of

proof after the court disqualified Schefsky as an expert. The District Court held an evidentiary hearing in which Hammer's defense counsel testified as to his reasoning for not lodging an objection or making an offer of proof. In a lengthy and thorough discussion, the court determined that Hammer's claims for ineffective assistance of counsel were without merit, and denied her petition for postconviction relief. This appeal followed.

## Issues

¶8    We restate the issues on appeal as follows:

1.    Did Hammer's defense counsel's failure to object to the District Court's comment on Schefsky's qualifications constitute ineffective assistance of counsel?

2.    Did Hammer's defense counsel's failure to make an offer of proof after Schefsky was disqualified as an expert constitute ineffective assistance of counsel?

## Standard of Review

¶9    We review a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, ¶ 9, 183 P.3d 861, ¶ 9. However, ineffective assistance of counsel claims are mixed questions of law and fact for which our review is de novo. *Whitlow*, ¶ 9.

## Discussion

¶10    A defendant's right to assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and Article II § 24 of

the Montana Constitution. We analyze ineffective assistance of counsel claims under the two part test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). A defendant bears the burden of proving that: 1) the performance of defendant's counsel was deficient; and 2) that counsel's performance prejudiced the defense. *Whitlow*, ¶ 10 (citing *Strickland*, 466 U.S. at 687). To prevail on an ineffective assistance claim, a defendant must satisfy both prongs of this test. *Whitlow*, ¶ 11. Where the defendant makes an insufficient showing as to one prong of the test, it is unnecessary to address the other prong. *Whitlow*, ¶ 11. A court reviewing an ineffective assistance claim may approach the inquiry in any order. *Whitlow*, ¶ 11. We have held that "[w]hen it is possible to dispose of an ineffective assistance of counsel claim based on the claim's failure to establish that the defendant was sufficiently prejudiced, it is best to follow that course." *State v. Morgan*, 2003 MT 193, ¶ 10, 316 Mont. 509, ¶ 10, 74 P.3d 1047, ¶ 10. Because we hold that Hammer failed to demonstrate that her defense was prejudiced by her counsel's alleged errors, we need not inquire into whether counsel's performance was deficient.

¶11     To show prejudice sufficient to satisfy the second prong of *Strickland*, a defendant must demonstrate that a reasonable possibility exists that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Morgan*, ¶ 9. The probability must be such that it undermines confidence in the outcome. *Morgan*, ¶ 9. The defendant bears the burden of

6

identifying all facts supporting the grounds for relief in the petition for postconviction relief, and must attach affidavits, records, or other evidence establishing the existence of those facts. Section 46-21-104(1)(c) MCA; *State v. Peck*, 263 Mont. 1, 3, 865 P.2d 304, 305 (1993).

¶12     In the instant case, Hammer does not directly identify how her defense was prejudiced. Rather she asserted in her petition for postconviction relief, and presumably argues here, that defense counsel's performance was presumptively deficient, thus she need not make a showing of prejudice. She cites for this proposition *United States v. Cronic*, where the Court held that a presumption of ineffectiveness arises where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984). However, the *Cronic* Court gave specific examples of the limited circumstances in which this situation would arise:

> No specific showing of prejudice was required in *Davis v. Alaska*, because the petitioner had been "denied the right of effective cross-examination" which "'would be constitutional error of the first magnitude and no amount of showing of want of prejudice would cure it.'" Apart from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.

*Cronic*, 466 U.S. at 659 (internal citations omitted).

¶13     Circumstances of the magnitude described in *Cronic* are not present in the instant case. Nothing in the record indicates that Hammer's counsel "failed entirely to subject the prosecution's case to meaningful adversarial testing."

7

*Cronic*, 466 U.S. at 659. Nor does the record indicate that any of counsel's alleged errors were sufficient to "undermine the reliability of the finding of guilt." *Cronic*, 466 U.S. at 659. Aside from relying on *Cronic*, Hammer does not identify how her counsel's performance was deficient enough to make the adversary process and the result of the trial presumptively unreliable. Rather, she appears to suggest that any failure to preserve an issue for appellate review amounts to a presumptively deficient performance sufficient to make a showing of prejudice unnecessary. Hammer fails to cite any authority in support of her assertion, and we decline to adopt that proposition here.

¶14 While Hammer makes only conclusory assertions that her defense was prejudiced by her counsel's alleged errors, we nevertheless endeavor a review of the limited record before us to determine whether the alleged errors were potentially sufficient to prejudice Hammer's defense.

¶15 Our review indicates that Hammer did not suffer prejudice sufficient to undermine confidence in the outcome of the case by virtue of Schefsky's disqualification as an expert witness. First and most notably, Hammer had not originally planned to call Schefsky as an expert witness, because his report merely confirmed the conclusions of the primary defense expert, Brian Hattem. Second, an offer of proof of the substance and conclusion of Schefsky's report or as to his expert qualifications was unnecessary. The District Court (and the jury) were made aware of both the substance and conclusion of Schefsky's report during the State's case in chief as a result of the out of sequence rebuttal of the report by the

State's expert. An offer of proof as to Schefsky's qualifications as an expert in forensic electrical engineering would have been similarly unavailing. Despite diligent questioning both by defense counsel and the State that elicited testimony covering more than seven pages of trial transcript which thoroughly describes his entire education and work history in detail, Schefsky was unable to provide any testimony that would tend to establish his expertise in forensic electrical engineering. Any relevant educational, professional, or practical expertise was already in the record. As defense counsel noted during the postconviction hearing, there would have been nothing to put in an offer of proof that was not already before the court.

¶16 Similarly, Hammer was not prejudiced by her counsel's failure to object to the court's statement that Schefsky's recitation of his professional and business history was "completely useless." Counsel's attempt to elicit testimony that would qualify Schefsky as an expert in forensic electrical engineering had produced significant irrelevant testimony and consumed considerable time. The District Court's attempt to focus Schefsky's testimony was properly within the bounds of Rule 611, which provides that "the Court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . avoid needless consumption of time." (Mont. R. Evid. 611(a)(2).) Any objection to the court's attempt to avoid needless consumption of time exploring irrelevant professional history would have been without merit.

¶17 A District Court is "vested with great latitude in ruling on the admissibility of expert testimony." *State v. Crawford*, 2003 MT 118, ¶ 30, 315 Mont. 480, ¶ 30, 68 P.3d 848, ¶ 30 (emphasis omitted). Further, "[t]he party presenting a witness as an expert must establish, to the satisfaction of the trial court, that the witness possesses the requisite knowledge, skill, experience, training, and education to testify as to the issue in question." *State v. Russette*, 2002 MT 200, ¶ 14, 311 Mont. 188, ¶ 14, 53 P.3d 1256, ¶ 14. As noted above, Schefsky was unable to establish any expertise, professional or otherwise, in the field of forensic electrical engineering. Neither an offer of proof nor an objection to the court's comment on Schefsky's qualifications would have cured this want of qualification. There is no reasonable possibility that defense counsel's failure to object ultimately had any bearing on the admissibility of Schefsky's expert testimony, and hence could not be sufficiently prejudicial to undermine our confidence in the jury's verdict.

## Conclusion

¶18 In sum, Hammer has failed to demonstrate that her defense counsel's allegedly deficient performance was sufficiently prejudicial to undermine confidence in the jury's guilty verdict. Accordingly, she has failed to satisfy the second prong of the *Strickland* test, thus her ineffective assistance of counsel claim fails.

/S/ W. WILLIAM LEAPHART

We concur:

10

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ JOHN WARNER