DA 08-0287

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 297N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

DONALD JOSEPH BURTCHETT,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC 07-089
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jim Wheelis, Chief Appellate Defender; Joslyn Hunt, Assistant Appellate Defender, Helena, Montana

        For Appellee:

                Hon. Steve Bullock, Montana Attorney General; Tammy K. Plubell, Assistant Attorney General, Helena, Montana

                Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs: August 5, 2009

Decided: September 2, 2009

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Donald Joseph Burtchett (Burtchett) appeals following his conviction for negligent vehicular assault, a felony, in violation of § 45-5-205(1), MCA. We affirm.

¶3 Burtchett and his girlfriend, Becky Britt, were at a picnic at Eagles Campground outside of Havre, Montana, on August 5, 2007. Burtchett and Britt had been drinking alcohol and argued throughout the afternoon. Britt apparently decided to walk back to Havre. Britt eventually accepted Burtchett's offer of a ride and witnesses described the two of them driving off together.

¶4 Burtchett pulled into a pavilion at Second Lake. Burtchett and Britt argued further and Burtchett started to drive. Britt opened the passenger door. She eventually fell out of the truck. Burtchett drove over Britt. She sustained serious injuries, including eight fractured ribs, a broken shoulder, a fractured cheek, and a lacerated liver. The State charged Burtchett with negligent vehicular assault. The jury convicted Burtchett and he appeals.

¶5 Burtchett argues on appeal that the Court should conduct plain error review to review comments made by the State during closing arguments to which Burtchett did not object at trial. Burtchett also claims that his counsel offered ineffective assistance of counsel in

2

failing to object to the prosecutor's comments. Finally, Burtchett contends that he did not cause Britt's injuries under any theory of the case. He thus argues that the jury did not have sufficient evidence to convict him.

¶6 This Court may discretionarily review claimed errors that implicate a defendant's fundamental constitutional rights where failing to review the claimed errors may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process. *State v. Rose*, 2009 MT 4, ¶ 39, 348 Mont. 291, 202 P.3d 749. We use our inherent common law power of plain error review sparingly on a case-by-case basis. *State v. Dubois*, 2006 MT 89, ¶ 31, 332 Mont. 44, 134 P.3d 82. We review for an abuse of discretion trial court rulings in a criminal case. *State v. Davis*, 2003 MT 341, ¶ 14, 318 Mont. 459, 81 P.3d 484. We review de novo claims of ineffective assistance of counsel. *State v. Upshaw*, 2006 MT 341, ¶ 13, 335 Mont. 162, 153 P.3d 579. Finally, in reviewing claims of sufficiency of evidence, we review the evidence in a light most favorable to the State to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Clark*, 2008 MT 419, ¶ 14, 347 Mont. 354, 198 P.3d 809.

¶7 We decline to conduct plain error review as we are not persuaded that failing to review the claimed error would result in a manifest miscarriage of justice, leave unsettled the question of fundamental fairness of the proceedings, or compromise the integrity of the judicial process. *Rose*, ¶ 39. We further deem it appropriate to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that

3

provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court did not abuse its discretion in its rulings at the trial and that the State presented sufficient evidence, when viewed in a light most favorable to the State, that would have allowed a rational trier of fact to find the essential elements to the crime beyond a reasonable doubt. *Clark*, ¶ 14. The record further indicates that Burtchett's claims of ineffective assistance of counsel cannot be reviewed on direct appeal as they involve non-record based claims. *State v. Robinson*, 2009 MT 170, ¶ 30, 350 Mont. 493, 209 P.3d 851. Burtchett may bring these claims through a petition for post-conviction relief.

¶8     Affirmed.

/S/ BRIAN MORRIS


We Concur:

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER