FILED

09/28/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0071

DA 21-0071

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 250N

PATRICK O. NEISS,

      Petitioner and Appellant,

   v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 20-641
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Patrick O. Neiss, Self-Represented, Shelby, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant
Attorney General, Helena, Montana

      Scott Twito, Yellowstone County Attorney, Billings, Montana

Submitted on Briefs:  September 8, 2021

Decided:  September 28, 2021

Filed:

                        _____
                              Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Patrick O. Neiss appeals from the Order of the Thirteenth Judicial District Court, Yellowstone County, denying his petition for postconviction relief. Neiss asserts his trial counsel was ineffective for failing to move to suppress evidence seized in a 2015 search warrant on the grounds that the search warrant was not particularized and was overbroad. Neiss also asserts that his appellant counsel was ineffective for failing to raise an ineffective assistance of counsel (IAC) claim against his trial counsel on direct appeal. We affirm.

¶3     During the course of their investigation, detectives applied for two search warrants relevant to this appeal. In 2013, the District Court granted a search warrant of Neiss's residence and authorized the seizure of electronic devices. During this search, detectives seized two laptops and a desktop computer. In 2015, the District Court approved a second search warrant to search the contents of the computers seized in 2013. Neiss's trial counsel moved to suppress evidence obtained from both the 2013 and 2015 search warrants alleging multiple bases for suppression. Neiss's trial counsel also sought to exclude evidence derived from the searches via motions in limine. The District Court denied the motions.

2

¶4 In January 2016, a jury convicted Neiss of deliberate homicide and tampering with evidence; the District Court sentenced him to 110 years in prison. Following his conviction, Neiss filed a direct appeal, arguing in part that the court erred by denying his motion to suppress evidence obtained pursuant to the 2015 search because the warrant lacked particularity. On June 4, 2019, this Court affirmed the conviction, and found that Neiss's trial counsel had not preserved the particularity objection to the 2015 search warrant for appeal but concluded that both the 2013 and 2015 search warrants were supported with probable cause. *State v. Neiss*, 2019 MT 125, ¶¶ 49, 60, 396 Mont. 1, 443 P.3d 435.[1]

¶5 On April 28, 2020, Neiss filed a petition for postconviction relief, asserting that his trial counsel provided ineffective assistance of counsel for failing to preserve the particularity objection to the 2015 search warrant for direct appeal, and that his appellate counsel provided ineffective assistance by failing to assert an IAC claim against Neiss's trial counsel on direct appeal.

¶6 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings are clearly erroneous and whether its conclusions of law are correct. *Cheetham v. State*, 2019 MT 290, ¶ 7, 398 Mont. 131, 454 P.3d 673. IAC claims contain mixed questions of law and fact and are reviewed de novo. *Cheetham*, ¶ 7.

---

[1] Two Justices dissented, finding the particularity objection had been preserved and that it constituted reversible error. *Neiss*, ¶¶ 111–15.

¶7 To prevail on an IAC claim, a petitioner must show both that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Rose v. State*, 2013 MT 161, ¶ 15, 370 Mont. 398, 304 P.3d 387. This standard also applies to IAC claims against appellate counsel. *Rose*, ¶ 15 (citing *Rogers v. State*, 2011 MT 105, ¶ 37, 360 Mont. 334, 253 P.3d 889).

¶8 The District Court did not err when it found Neiss had not established that his trial counsel's performance was deficient. This Court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" contemplated by the Sixth Amendment. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. The petitioner bears a "heavy burden" to overcome this presumption. *Whitlow v. State*, 2008 MT 140, ¶ 21, 343 Mont. 90, 183 P.3d 861. A finding that counsel could have done a "better" or "more thorough" job is insufficient to establish ineffective assistance. *See State v. Hagen*, 2002 MT 190, ¶ 23, 311 Mont. 117, 53 P.3d 885.

¶9 Neiss argues that because this Court found the objection of particularity was not preserved below, he has established the first prong of *Strickland*. Failing to preserve an issue for appellate review does not amount to "a presumptively deficient performance . . . ." *Hammer v. State*, 2008 MT 342, ¶ 13, 346 Mont. 279, 194 P.3d 699. Neiss's trial counsel doggedly attempted to suppress the evidence obtained from both the 2013 and 2015 search warrants on multiple grounds. They also attempted to exclude the evidence via motions in limine. Neiss has not carried his heavy burden of rebutting the strong presumption that his

4

counsel's conduct falls within the wide range of reasonable professional assistance contemplated by the Sixth Amendment. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065; *Whitlow*, ¶ 14.

¶10 Having concluded that Neiss has failed to establish ineffective assistance as to his trial counsel, it necessarily follows that his IAC claim regarding his appellate counsel must fail. Neiss claims his appellate counsel was ineffective because she failed to allege trial counsel's ineffective assistance as an issue on direct appeal. Yet if an IAC claim regarding his trial counsel would have failed in any event, Neiss cannot establish that he was prejudiced by his appellate counsel's "failure" to raise the issue on direct appeal.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Neiss has failed to establish that his trial or appellate counsel were ineffective. His conviction is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

Justice Ingrid Gustafson, dissenting.

¶12     In this postconviction relief matter, Patrick O. Neiss (Neiss) asserts that pursuant to the Dissenting Opinion of the underlying appeal, the dissenting Justices would have reversed his conviction based on lack of particularity of the 2015 search warrant and facial invalidity of both the 2013 and 2015 search warrants and remanded the matter for a new trial.  Further, Neiss asserts that as the majority declined to the reach the question as to the lack of particularity with regard to the 2015 search warrant and facial invalidity of both warrants—finding these issues were not preserved[1]—his trial counsel were thus ineffective in failing to preserve the issues for appeal.

¶13     While I agree that "Neiss's trial counsel doggedly attempted to suppress the evidence obtained from both the 2013 and 2015 search warrants on multiple grounds" as indicated in the Opinion, that is not the law of the case resultant from the majority opinion in *Neiss*.  Opinion, ¶ 9.  Under the doctrine of law of the case, a prior decision of this Court resolving a particular issue between the same parties is binding and cannot be relitigated. *State v. Glider*, 2001 MT 121, ¶ 9, 305 Mont. 362, 28 P.3d 488.  In his underlying appeal, the majority refused to consider lack of particularity of the 2015 search warrant or his claim of facial invalidity of both search warrants concluding Neiss failed to preserve these claims.

---

[1] "After reviewing the record, however, we find that while Neiss clearly argued that the *March 2013 Warrant* lacked particularity, he made no such argument about the August 2015 Warrant; in the District Court, Neiss only claimed the August 2015 Warrant lacked probable cause, which he does not pursue on appeal.  Additionally, Neiss never raised the issue of facial validity with the District Court as to either warrant."  *State v. Neiss*, 2019 MT 125, ¶ 49, 396 Mont. 1, 443 P.3d 435.

*Neiss*, ¶ 49. As such, I would follow the law of the case. Because counsel failed to preserve these search warrant issues, I would conclude Neiss's trial counsel were ineffective. As their failure to preserve these issues deprived Neiss of consideration of these issues which the dissenting Justices found warranted reversal in his underlying appeal, I would conclude he was prejudiced, and I would reverse and remand for a new trial.

/S/ INGRID GUSTAFSON