
DA 09-0363

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 121

DANIEL KEITH BIRCHER,

        Plaintiff and Appellee,

  v.

BNSF RAILWAY COMPANY, a Delaware Corporation,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 07-964
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Michelle T. Friend, Hedger Friend, P.L.L.C., Billings, Montana

        For Appellee:

            Fredric A. Bremseth, Bremseth Law Firm, P.C., Minnetonka, Minnesota

Submitted on Briefs:  April 8, 2010

Decided:  May 28, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     BNSF Railway Company (BNSF) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County. The District Court granted Bircher's motion for a new trial on the basis that the court had erred in admitting evidence of verdicts in other cases. We affirm.

¶2     We review the following issue on appeal:

¶3     *Did the District Court abuse its discretion when it granted Bircher's motion for a new trial?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     Bircher filed suit under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51. He alleged that he had sustained repetitive motion injuries to his neck, back, and hips during the course of his employment with BNSF. The case proceeded to a jury trial, which lasted ten days.

¶5     BNSF filed nine motions in limine before trial. The District Court granted eight of the motions. Of particular relevance, BNSF's fifth motion sought to preclude other BNSF employees, or former employees, from testifying about their own injuries and injury claims against BNSF. The court granted this motion and stated that "[a]ny opinions these individuals could offer about their medical condition or causation of the condition would be incompetent testimony as they are not a physician or expert in workplace safety." The court concluded by stating that the court's ruling did not prohibit Bircher from entering rebuttal evidence regarding notice or knowledge.

2

¶6     Bircher called Dr. Eckardt Johanning to testify about medical and liability issues. BNSF cross-examined Dr. Johanning about his studies concerning whole-body vibration injuries incurred by people riding in locomotives. BNSF also asked Dr. Johanning about his previous testimony in various repetitive motion cases where a number of other railroads were involved. BNSF asked Dr. Johanning about his testimony in at least seven cases mentioned specifically by name. BNSF then asked Dr. Johanning about his testimony in whole-body vibration injury cases specifically involving BNSF workers, including, in BNSF's words, "Jeff Smith v. BNSF, right here in good ol' Yellowstone County, 2007."

¶7     On redirect, Bircher asked Dr. Johanning about many of the cases that BNSF had covered during cross examination. BNSF did not object. Counsel for Bircher asked: "And Mr. Jeff Smith, here in Montana, was he prematurely disabled as a result of musculoskeletal disorders of his spine?" Dr. Johanning answered: "Right. And that was present in my opinion." Counsel subsequently asked: "And Mr. Delos [sic], the case that you went and did the testing on for this – that we've been talking about here, was he, too, prematurely disabled from riding rough-riding locomotives over bad track?" Dr. Johanning replied: "That's the facts and other people have seen it that way."

¶8     On re-cross examination, BNSF then attempted to ask Dr. Johanning about the jury verdicts in the *Dellos* and *Smith* cases:

Q.     And then you were asked about the injuries from a couple of other gentlemen, Mr. Delos [sic] and Mr. Smith, and you said that you felt that they were injured by virtue of the repetitive trauma on the railroad, right?

A.     Yes. Well, it wasn't quite that exact question, but.

3

Q.     Do you know what the jury said. .
[Counsel for Bircher]     Your Honor, I'm going to object
[Counsel for BNSF]        . . . in those cases?
[Counsel for Bircher]     . . to this as in violation of the Court's rules, and collateral, and brings us in to a territory where we're going to be talking about jury verdicts in all kinds of cases across the country.  May we approach?

The District Court subsequently took a recess to discuss the matter.

¶9     The court then allowed counsel for BNSF to ask Dr. Johanning about whether the *Dellos* and *Smith* juries had found BNSF negligent.  Counsel for BNSF asked Dr. Johanning:

Q.     And in both of those cases, isn't it true that the jury – both juries, both Yellowstone County juries found that the Defendant, BNSF was not negligent and that with respect to the repetitive motion claims, it was not negligent and the BNSF did not cause any injury to either Mr. Smith or Mr. Delos [sic] as a result of repetitive trauma, isn't that true?
A.     I don't know anything about it, I wasn't there.

Counsel for BNSF then asked the court to take judicial notice "that the verdicts in Delos [sic] v. BNSF and Smith v. BNSF as they related to the repetitive trauma claims, the verdicts were that the Defendant was not negligent and the Defendant did not cause any injury to either of those two gentlemen as a result of repetitive trauma."  The court stated that it would "take judicial notice of those two cases regarding those facts as stated by counsel."

¶10     The following day, the District Court acknowledged that the discussion that occurred during the recess had not been recorded.  The court summarized the conversation during recess as follows:

My ruling was that [counsel for BNSF] would be allowed to ask the questions, because I thought [counsel for Bircher] had opened the door regarding Mr. Delos [sic] and Mr. Smith, as to what the cumulative trauma negligence was

4

found, and it was found not – BNSF was found not negligent. We anticipated that Dr. Johanning wouldn't be able to answer that so he said, well, then, can we take judicial notice, and I said I would, and then I did.

Essentially, the court determined that Bircher had violated the motion in limine and had "opened the door" to evidence concerning the jury verdicts in the *Dellos* and *Smith* cases.

¶11 BNSF revisited the *Dellos* and *Smith* verdicts during its closing argument to the jury. BNSF stated that "[t]his is the third stop on the tour here in Yellowstone County, it's the third time they did uh, we – that this thing's been done. You heard that the last two times on this repetitive trauma claim 24 of your neighbors, two jury panels, 24 members of this community total said no, no the railroad company wasn't negligent." The jury returned a verdict for BNSF.

¶12 Bircher subsequently filed a motion for a new trial pursuant to M. R. Civ. P. 59 and § 25-11-102(1), (7), MCA. The court stated that "[a]lthough the Court would rather be staked to an ant pile than retry this two-week case, the Court concludes it erred when allowing the repetitive motion claim portion of jury verdicts in *Dellos v. BNSF* and *Smith v. BNSF* to be considered by the jury in this case." The court further stated that it had believed that Bircher had opened the door to the evidence, but "after a thorough review of the transcript, and arguments of counsel, the Court believes it erred in that decision."

¶13 The District Court acknowledged that "previous jury verdicts are typically not admissible evidence." The court noted that Bircher had cited many cases that stood for that proposition and that BNSF "really doesn't disagree with that assessment." Further, the court stated that "[i]n hindsight, the Court was, quite frankly, frustrated with Dr. Johanning's

testimony. The fact that Dr. Johanning was on the witness stand for over a day probably did not help matters."

¶14 The court concluded that it had erred in allowing the jury to consider the repetitive motion claims in the *Dellos* and *Smith* verdicts. The court stated that "[a]ll the jury heard is that Mr. Dellos and Mr. Smith did not prevail on their repetitive motion claims, despite Dr. Johanning's testimony in those cases, and that fact was driven home in [BNSF's] closing arguments when [BNSF] discussed the fact that 24 friends and neighbors had ruled against similar plaintiffs, who had ridden similar track while working for BNSF, and this undoubtedly could have had a significant impact on the jury's decision in this case." Lastly, the District Court determined Bircher did not receive a fair trial. The court subsequently granted Bircher's motion for a new trial. BNSF appeals.

## STANDARD OF REVIEW

¶15 The decision to grant or deny a new trial is within the sound discretion of the trial judge and will not be disturbed absent a showing of manifest abuse of that discretion. *Willing v. Quebedeaux*, 2009 MT 102, ¶ 19, 350 Mont. 119, 204 P.3d 1248. The abuse of discretion must be so significant as to materially affect the substantial rights of the party asserting error. *Clark v. Bell*, 2009 MT 390, ¶ 18, 353 Mont. 331, 220 P.3d 650.

## DISCUSSION

¶16 *Did the District Court abuse its discretion when it granted Bircher's motion for a new trial?*

6

¶17 BNSF argues on appeal that the District Court abused its discretion when it granted Bircher's motion for a new trial, even though BNSF agrees that evidence of other verdicts is generally not admissible. BNSF maintains that Bircher "is the one who opened the door to the evidence of other verdicts," and that BNSF's cross-examination of Dr. Johanning "did not open the door for Bircher to elicit testimony which falsely claims that the litigants were prematurely disabled by vibration, when in fact he knew that juries in two specific cases had determined otherwise." BNSF contends that Bircher went "well beyond rehabilitating the witness," and that his re-direct examination was precluded under the District Court's order on BNSF's motion in limine.

¶18 We disagree with BNSF. BNSF presents no argument that demonstrates that the District Court manifestly abused its discretion. Regardless of whether Bircher is, in fact, the party "who created this situation," evidence of what other juries decided could have had a significant impact on what the jury decided in this case. Moreover, BNSF's statement during closing argument that "24 members of this community total said no, no the railroad company wasn't negligent" was highly prejudicial.

¶19 This Court generally affords a district court a great deal of deference because the trial judge is in the best position to weigh the impact of the erroneous admission of evidence or argument. *See e.g. Durden v. Hydro Flame Corp.*, 1998 MT 47, ¶ 37, 288 Mont. 1, 955 P.2d 160 (stating that the trial judge "is in the best position to determine the prejudicial effect of an attorney's conduct").

7

¶20   The District Court stated that it "would rather be staked to an ant pile than retry this two-week case," and yet it granted Bircher's motion for a new trial. This case illustrates the utility of the manifest abuse of discretion standard. We will not disturb the District Court's decision on appeal.

¶21   BNSF claims, secondarily, that the District Court abused its discretion when it granted Bircher's motion for a new trial because "the jury independently found Bircher's repetitive motion claims statute barred." BNSF maintains that the jury found that Bircher knew or should have known of his medical conditions at issue and believed they were work-related on August 13, 2003. FELA contains a three-year statute of limitations. Bircher did not file his lawsuit until August 7, 2007, however.

¶22   We conclude, as we did above, that the District Court in this case was in the best position to determine whether the admission of the prejudicial evidence had so infected the jury's deliberations that it influenced every question propounded to the jury. *Cf. State v. Long*, 2005 MT 130, ¶ 27, 327 Mont. 238, 113 P.3d 290 ("Because the trial court is in the best position to observe the jurors and determine the effect of questionable testimony, it is given a latitude of discretion in its rulings on prejudicial evidence."). Although the District Court did not reference the statute of limitations issue in its order granting Bircher's motion for a new trial, the court specifically determined that Bircher had not received a fair trial. We conclude that BNSF has failed to demonstrate that the District Court manifestly abused its discretion when it granted Bircher's motion for a new trial.

**CONCLUSION**

¶23     The District Court did not abuse its discretion when it granted Bircher's motion for a new trial.

¶24     Affirmed.

                                        /S/ MICHAEL E WHEAT

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS
/S/ JIM RICE