
DA 09-0264

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 148

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

DAVID JOHN MOREE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 2006-329
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joseph P. Howard, Attorney at Law, Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General; Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney; Jennifer S. Clark, Deputy
County Attorney; Missoula, Montana

                         Submitted on Briefs:  June 2, 2010

                                 Decided:  July 13, 2010

Filed:

              _____
                            Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1 David John Moree (Moree) appeals his conviction in the Fourth Judicial District Court, Missoula County, for felony aggravated assault. We affirm.

¶2 We review the following issue on appeal:

¶3 *Did the District Court properly deny Moree's motion for a mistrial?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Moree and Heather Ward (Ward) had a daughter, CM. Ward had another daughter, OW, who was Ward's child from a different father. Moree and Ward lived together. Because of their jobs, one parent would often watch the children while the other parent was at work.

¶5 CM was two and one-half months old on November 7, 2005. On that day, Moree stayed with CM while Ward was at work. When Ward came home from work that evening, CM appeared lifeless, limp, blue, and unresponsive. Moree told Ward that CM was fine. Ward eventually took CM to the hospital.

¶6 An examination revealed that CM had suffered a brain injury, two skull fractures, massive retinal hemorrhages, ten rib fractures, and a broken arm. CM started suffering from seizures the day after she was admitted to the hospital. CM was eventually diagnosed as having suffered permanent, life-altering brain trauma. CM will never be able to walk, communicate effectively, or be self-sufficient. CM requires daily therapy. She also suffers from a type of vision impairment, which permits her only to see light and limited movements.

¶7 Medical professionals testified that CM's injuries were serious and deliberate, and that her injuries were consistent with inflicted trauma. More specifically, medical professionals also testified that CM's injuries were consistent with shaken baby syndrome, and that those injuries constituted a classic example of child abuse.

¶8 The State charged Moree with aggravated assault and felony sexual assault on July 28, 2006. The felony sexual assault charge stemmed from the allegation that Moree had raped OW, CM's older half sister. The District Court eventually severed the charges. Moree proceeded to trial in December 2008 for aggravated assault of CM. The felony sexual assault charge was ultimately dismissed.

¶9 Ward testified on direct examination during the State's case-in-chief that she did not originally believe that Moree had caused CM's injuries. The State asked whether Ward's opinion had changed. She replied that it had. The following exchange occurred:

| [State]: | And what caused that change? |
| WARD: | I think what--it was a series of events that brought me out of denial. Mainly my oldest daughter had said that he had sexually-- |
| [State]: | I'll-- |
| [Defense Counsel]: | Objection |
| [State]: | --stop you there. |
| The Court: | Sustained. The jury will disregard the response. |

¶10 Moree's counsel subsequently moved for a mistrial, which the District Court denied. Moree was eventually convicted, and the District Court sentenced him to twenty years in prison without the possibility of parole. Moree appeals.

**STANDARD OF REVIEW**

3

¶11   We review a district court's decision whether to grant or deny a motion for a mistrial for an abuse of discretion. *State v. Taylor*, 2010 MT 94, ¶ 24, 356 Mont. 167, 231 P.3d 79. "A district court's denial of a motion for a mistrial is entitled to deference on appeal." *Id.*

## DISCUSSION

¶12   *Did the District Court properly deny Moree's motion for a mistrial?*

¶13   Moree argues on appeal that the District Court abused its discretion when it denied his motion for a mistrial because Ward's testimony that Moree had sexually assaulted her daughter was "irrelevant and high [sic] prejudicial to Moree's substantial rights." Moree contends that although the District Court instructed the jury to disregard Ward's response, such an instruction could not cure the prejudicial impact of Ward's testimony.

¶14   We find nothing in the record that indicates that the District Court abused its discretion when it denied Moree's motion for a mistrial. As a preliminary matter, we observe that "the general rule is that where the trial judge withdraws or strikes improper testimony from the record with an accompanying cautionary instruction to the jury, any error committed by the introduction is presumed cured." *State v. Long*, 2005 MT 130, ¶ 25, 327 Mont. 238, 113 P.3d 290.

¶15   Here, the court gave the curative instruction to the jury that it was to disregard Ward's response. The burden then falls to Moree to rebut the presumption that any error was cured by the instruction.

¶16   Moree opines that "[b]y all accounts, Moree was a loving and proud father, and included [CM] in his daily activities." He maintains that "[t]he State failed to present any

4

evidence that [CM] was an irritable or peevish baby that would invoke anger in a caregiver." Moree urges us to find that the evidence implicating him "was less than overwhelming and circumstantial at best." Moree argues, therefore, that there is a reasonable possibility that a juror was swayed by "the irrelevant and inflammatory sexual assault allegation that led Ward to change her mind."

¶17 Moree has produced no evidence sufficient to rebut the presumption that any error was cured by the instruction. Overwhelming evidence of abuse was presented against Moree at trial. Moree was alone with CM when she experienced severe trauma. Ward noticed a substantial change in her daughter when she returned home from work. Doctors concluded that CM had suffered massive retinal hemorrhages, a brain injury, ten rib fractures, two skull fractures, and a broken arm—all as a result of the abuse that she had suffered. It is not unreasonable to conclude that the jury relied on this evidence of abuse when it convicted Moree.

¶18 We observe lastly that the District Court in this case was in the best position to observe whether Ward's comment had a prejudicial impact on the jury. *See e.g. Bircher v. BNSF Railway Co.*, 2010 MT 121, ¶ 19, 356 Mont. 357, ___ P.3d ___. We conclude that the District Court did not abuse its discretion when it denied Moree's motion for a new trial.

**CONCLUSION**

¶19 The District Court did not abuse its discretion when it denied Moree's motion for a new trial.

5

¶20    Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE