FILED

03/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0684

DA 17-0684

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 60

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

EDWARD HAROLD GHOSTBEAR,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                 In and For the County of Hill, Cause No. DC 12-008
                 Honorable Daniel A. Boucher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Chad Wright, Appellate Defender, Koan Mercer, Assistant Appellate
           Defender, Helena, Montana

      For Appellee:

           Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
           Attorney General, Helena, Montana

           Karen Alley, Hill County Attorney, Havre, Montana

                           Submitted on Briefs:  February 12, 2020

                                Decided:  March 17, 2020

Filed:

                              _____
                                       Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Defendant Edward Harold Ghostbear appeals from the September 27, 2017 Judgment of the Twelfth Judicial District Court, Hill County, following his conviction of felony sexual assault. We restate and address the following issue on appeal:

> *Whether the District Court erred by denying Ghostbear's for-cause challenge of a prospective juror.*[1]

¶2 We reverse and remand for a new trial.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3 In January 2012, the State charged Ghostbear with one count of sexual intercourse without consent, a felony, in violation of § 45-5-503(4), MCA, and an alternative count of sexual assault, a felony, in violation of § 45-5-502(3), MCA. The victim in both counts was the seven-year-old daughter of Ghostbear's then-girlfriend.

¶4 The case proceeded to jury trial. During voir dire, defense counsel discussed with the prospective jurors whether they would be inclined to believe a child witness's testimony regarding sexual abuse. One prospective juror, Juror G., expressed her belief that a child witness "coming this far" to testify in court should be believed. Defense Counsel asked Juror G., directly: "The very fact that she sits in the chair, comes to court, you're going to believe her, aren't you?" Juror G. responded, "Yes." Defense Counsel then asked, "If you

---

[1] Ghostbear has raised multiple issues for our review on appeal. Because we resolve this appeal on the denial of Ghostbear's for-cause challenge, we decline to address Ghostbear's remaining issues on appeal.

heard her—the testimony and she said, she went through the trouble coming, you would believe her?" Juror G. again responded, "Yes."

¶5 After questioning, Defense counsel moved to remove Juror G. for cause based on her responses. During the Prosecutor's attempts to rehabilitate Juror G., she reiterated her position that she was inclined to believe the child's testimony but stated her belief "may change depending on what [she] heard."

¶6 The District Court followed up by asking Juror G. if her "presumption is so strong that a child witness must be believed, that you could not be fair to the Defendant or the State in this case?" Juror G. responded, "I would try to be fair, but I don't think I could do it." The District Court then asked Juror G. if her response was "based on [her] feeling that the child witness is telling the truth," to which Juror G. responded, "Yes." The District Court admonished Juror G. that she must receive all the evidence and the court's instructions before reaching a decision, and further stated, "I don't want to put you in a box where you feel like you have to defend yourself." Juror G. responded, "It would be hard. I'm sorry. It would be hard to—I can listen to all of it but I'm not sure if that by itself would cause me to convict."

¶7 Following the exchange with Juror G., the District Court denied Defense Counsel's motion to remove her for cause. Defense Counsel subsequently used a peremptory challenge to remove Juror G. and then exhausted Ghostbear's remaining peremptory challenges. The jury found Ghostbear not guilty of sexual intercourse without consent and guilty of sexual assault.

**STANDARDS OF REVIEW**

¶8 We review a district court's denial of a challenge to remove a prospective juror for cause for an abuse of discretion. *State v. Anderson*, 2019 MT 190, ¶ 11, 397 Mont. 1, 446 P.3d 1134 (citing *State v. Cudd*, 2014 MT 140, ¶ 6, 375 Mont. 215, 326 P.3d 417). "A district court abuses its discretion if it denies a challenge for cause when a prospective juror's statements during voir dire raise serious doubts about the juror's ability to be fair and impartial or actual bias is discovered." *Anderson*, ¶ 11 (quoting *Cudd*, ¶ 6). "If a district court abuses its discretion by denying a legitimate for-cause challenge, the error is structural and requires automatic reversal." *State v. Russell*, 2018 MT 26, ¶ 10, 390 Mont. 253, 411 P.3d 1260 (citing *State v. Good*, 2002 MT 59, ¶¶ 62-63, 309 Mont. 113, 43 P.3d 948).

**DISCUSSION**

¶9 *Whether the District Court erred by denying Ghostbear's for-cause challenge of a prospective juror.*

¶10 A criminal defendant has the fundamental federal and state constitutional right to an impartial jury. *State v. Johnson*, 2019 MT 68, ¶ 9, 395 Mont. 169, 437 P.3d 147 (citing U.S. Const. amend. VI; Mont. Const. art. II, § 24; *Russell*, ¶ 12; *State v. Allen*, 2010 MT 214, ¶ 25, 357 Mont. 495, 241 P.3d 1045; *State v. Hausauer*, 2006 MT 336, ¶ 20, 335 Mont. 137, 149 P.3d 895). To protect this right, § 46-16-115(1), MCA, allows each party to "challenge jurors for cause, and each challenge must be tried by the court." *Anderson*, ¶ 14 (citations omitted). A party may challenge a prospective juror for cause "if the juror manifests 'a state of mind' regarding the case or either party 'that would

4

prevent the juror from acting with entire impartiality' regarding the parties and material matters in the case." *Johnson*, ¶ 9 (quoting § 46-16-115(2)(j), MCA).

¶11 A court must remove a juror for bias and impartiality when "the totality of the juror's statements and referenced circumstances raise a serious question or doubt about his or her willingness or ability to set aside any such matter to fairly and impartially render a verdict based solely on the evidence presented and instructions given." *Johnson*, ¶ 11 (citations omitted). In determining whether a serious question exists regarding a juror's ability to be fair and impartial, the court must "give more weight to [the juror's] spontaneous statements than 'coaxed recantations elicited by counsel because spontaneous statements are most likely to be reliable and honest.'" *Russell*, ¶ 14 (quoting *State v. Jay*, 2013 MT 79, ¶ 19, 369 Mont. 332, 298 P.3d 396). The court must also resolve "any doubt or ambiguity about a juror's ability to be fair and impartial in favor of disqualification." *Johnson*, ¶ 11 (citing *State v. Braunreiter*, 2008 MT 197, ¶ 10, 344 Mont. 59, 185 P.3d 1024).

¶12 We recognize that "[i]n reality, few people are entirely impartial regarding criminal matters . . . ." *Anderson*, ¶ 15 (citing *State v. Allen*, 2010 MT 214, ¶ 26, 357 Mont. 495, 241 P.3d 1045). As such, a court is not required to remove a juror that "[m]erely [has] common experiences relative to the case at hand," *Russell*, ¶ 13 (citations omitted), or a juror who "'expresses concern about impartiality but believes he can fairly weigh the evidence.'" *Anderson*, ¶ 15 (quoting *State v. Normandy*, 2008 MT 437, ¶ 22, 347 Mont. 505, 198 P.3d 834).

¶13 "When jurors who should have been removed for cause are not removed and must, therefore, be removed by peremptory challenge, the party wrongfully denied the challenge for cause effectively loses one of the peremptory challenges to which he is entitled by law." *Good*, ¶ 42 (citing *State v. Williams*, 262 Mont. 530, 537, 866 P.2d 1099, 1103 (1993)).

¶14 In *Good*, we applied § 46-16-115(2)(j), MCA, and reversed the trial court's denials of the defendant's for-cause challenges of two prospective jurors who expressed a form of bias "based on their belief that a young sexual abuse victim would not lie." *Good*, ¶ 53. We noted that, while the *Good* jurors had not unequivocally expressed an opinion of guilt, their persistence in their belief that "a sexual abuse victim would not lie clearly demonstrated a serious question about their ability to act with impartiality and to afford [the defendant] the presumption of innocence to which he was entitled." *Good*, ¶ 53.

¶15 Similar to *Good*, the totality of Juror G.'s voir dire statements evinced an inability to act with impartiality and without prejudice toward Ghostbear. Juror G. openly and continually stated during voir dire that she was inclined to believe a child witness's testimony regarding sexual abuse because the child had come as far as testifying in court. Even during the State's line of rehabilitative questioning, Juror G. agreed that she was predisposed to believe a child witness's testimony. When asked by the District Court if she could be fair in the case, she admitted, "I would try to be fair, but I don't think I could do it," because of her belief that the child witness is telling the truth. Even after being admonished by the District Court that she must receive all the evidence and the court's instructions before reaching a decision, Juror G. responded, "It would be hard. I'm sorry.

6

It would be hard to—I can listen to all of it but I'm not sure if that by itself would cause me to convict."

## CONCLUSION

¶16    The District Court erred by denying Ghostbear's for-cause challenge of Juror G. Reversed and remanded for a new trial.

/S/ JAMES JEREMIAH SHEA

We concur:

/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE